**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No.: 21-11507 (  ) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) RESTATING AND ENFORCING PROTECTIONS OF
11 U.S.C. §§ 105(a), 362, 365, 525 AND 541(c) AND (II) GRANTING RELATED RELIEF**

Alto Maipo SpA ("Alto Maipo") and Alto Maipo Delaware LLC ("Alto Maipo Delaware"), debtors and debtors in possession in the above-captioned cases (together, the "Debtors"), respectfully submit this motion (the "Motion") for the entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 362, 365, 525 and 541(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) restating and enforcing the protections of sections 105(a), 362, 365, 525 and 541(c) of the Bankruptcy Code and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Javier Dib in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] which was filed substantially contemporaneously herewith, and respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (•) (Delaware). The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Background**

1.      On November 17, 2021 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (this "Court").  As of the Petition Date, the Debtors continue to operate their businesses as a debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases, and no committees have been appointed or designated at this time.

2.      Alto Maipo is a special purpose company, incorporated under Chilean law for the purpose of developing, constructing, and operating a run-of-river hydroelectric energy project in the Santiago Metropolitan Region of Chile, approximately 30 miles southeast of the city of Santiago.  The hydroelectric energy project that is presently under construction (the "Project") will consist of two run-of-river hydroelectric plants (the "Hydroelectric Plants") which, once completed, will provide significant zero-emissions energy to Chile's electric grid.

3.      As set forth more fully in the First Day Declaration, which is incorporated herein by reference, the energy market that Alto Maipo will enter into next year is not the same energy market that Alto Maipo projected would exist upon its initial Commercial Operation Date (the "COD") when construction began in 2013.  Since that time, increased generation capacity has driven down electricity prices in Chile, such that spot prices at which Alto Maipo could sell power are now less than half of what they were in 2013.  Meanwhile, climate change has significantly impacted the hydrology of the Maipo Valley, where the Project is being constructed, and lower precipitation levels reduce in turn the amount of power that the Project can produce.  As a result, Alto Maipo can no longer rely on its prior revenue projections, which assumed economic and environmental factors that are no longer in place.  In order to right-size

their capital structure to meet these market challenges, and in light of a looming liquidity shortfall, the Debtors commenced these Chapter 11 Cases to ensure that they can complete construction of this hydroelectric project and generate renewable energy for many years to come.

## Jurisdiction and Venue

4.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, under Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 362, 365, 525 and 541(c) of the Bankruptcy Code and Local Rule 9013-1(m).

## Relief Requested

5.  By this Motion, the Debtors seek entry of the Proposed Order pursuant to section 105(a) of the Bankruptcy Code confirming the application of the following key protections provided by the Bankruptcy Code: (i) the automatic stay provisions of section 362 of the Bankruptcy Code; (ii) the anti-*ipso facto* provisions of section 365 of the Bankruptcy Code; (iii) the anti-discrimination provisions of section 525 of the Bankruptcy Code; and (iv) the anti-*ipso facto* provisions of section 541(c) of the Bankruptcy Code.  Particularly in light of the international nature of the Debtors' operations and potential creditor base, the Debtors believe that having these Bankruptcy Code provisions restated by the Court in an order will provide the

Debtors with a powerful tool that otherwise would not exist by just citing to the Bankruptcy Code.

### Basis for Relief

6.  As described above and in the First Day Declaration, Alto Maipo is a Chilean company, and the Debtors' primary operations are in Chile. As such, the Debtors are required to interact with a variety of foreign parties. These foreign entities may be unfamiliar with the protections afforded to chapter 11 debtors under the Bankruptcy Code or their extraterritorial application. Accordingly, out of an abundance of caution, the Debtors request entry of the Proposed Order confirming certain protections afforded under the Bankruptcy Code to aid in their discussions and interactions with their creditors and to limit the extent to which they require intervention of this Court in disputes concerning the application and enforcement of the automatic stay.

7.  As a result of the commencement of these Chapter 11 Cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, with immediate and worldwide effect, the automatic stay enjoins all entities from, among other things, (i) commencing or continuing any judicial, administrative or other action or proceeding against the Debtors that was or could have been initiated before the Petition Date; (ii) recovering a claim against the Debtors that arose before the Petition Date; (iii) enforcing a judgment against the Debtors or property of their estates that was obtained before the Petition Date; (iv) exercising control over property of the estates; or (v) taking any action to collect, assess or recover a claim against the Debtors that arose before the Petition Date. *See* 11 U.S.C. § 362. The automatic stay is a fundamental protection extended to debtors, which, in conjunction with other provisions of the Bankruptcy Code, provides the Debtors with a "breathing spell from [their] creditors" that is essential to their ability to successfully reorganize. *See Assoc. of St. Croix Condominium Owners v. St. Croix*

*Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982); *Shugrue v. Air Line Pilots Ass'n Int'l.* (*In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 989 (2d Cir. 1990) (internal citations omitted).

8. In light of the importance of the automatic stay, courts have broadly construed the automatic stay provision of section 362 of the Bankruptcy Code and have recognized the extraterritorial reach of the automatic stay. *See, e.g.*, *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the Bankruptcy Court's decision to enforce the automatic stay extraterritorially); *SIPC v. Bernard L. Madoff Secs. LLC (In re Bernard Madoff Inv. Sec. LLC)*, 474 B.R. 76 (S.D.N.Y. 2012) (upholding the extraterritorial reach of the automatic stay and injunction barring a foreign creditor's lawsuit); *Picard v. Maxam Absolute Return Fund L.P.* (*In re Bernard L. Madoff Inv. Sec. LLC*), 474 B.R. 76, 81 (S.D.N.Y. 2012) ("The Court concludes that the automatic stay and the Bankruptcy Court's injunctive power have extraterritorial effect . . . .").

9. Section 365(e)(1) of the Bankruptcy Code renders insolvency-based termination or modification provisions in contracts unenforceable against a chapter 11 debtor. Specifically, section 365(e)(1) of the Bankruptcy Code provides that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> (A)    the insolvency or financial condition of the debtor at any time before the closing of the case;
>
> (B)    the commencement of a case under this title; or
>
> (C)    the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(e)(1).

10. Bankruptcy courts have applied section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable." *In re AMR Corp.*, 730 F.3d 88, 106 (2d Cir. 2013) (citing *In re Lehman Bros. Holdings Inc.*, 422 B.R. 407, 414 (Bankr. S.D.N.Y. 2010)).

11. In addition, section 525 of the Bankruptcy Code prohibits and enjoins all governmental units from, among other things, denying, revoking, suspending or refusing to renew any license, permit, charter, franchise or other similar grant to, condition such a grant to or discriminate with respect to such a grant against the Debtors solely because of these Chapter 11 Cases, because the Debtors may have been insolvent before the commencement of these Chapter 11 Cases or because the Debtors are insolvent during the pendency of these Chapter 11 Cases. *See* 11 U.S.C. § 525(a).

12. Similarly, provisions in agreements, transfer instruments or applicable non-bankruptcy law are unenforceable if any such provision "restricts or conditions transfer of such interest by the debtor" or if any such provision:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

*Id.* at § 541(c)(1).

13. Sections 362, 365, 525 and 541(c) of the Bankruptcy Code are self-executing. They constitute fundamental protections for debtors-in-possession that, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to their ability to reorganize successfully. *See, e.g., St. Croix Hotel Corp.* 682 F.2d at 448 ("[Section] 362 is meant to give the debtor a breathing spell from his creditors [and] . . .

permit [ ] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."); *In re Ionosphere Clubs, Inc.*, 922 F.2d at 989 (same).

14. Notwithstanding the self-executing and global nature of sections 362, 365, 525 and 541(c) of the Bankruptcy Code, not all parties affected or potentially affected by the commencement of these Chapter 11 Cases may be aware of these Bankruptcy Code provisions, nor are all parties likely cognizant of their significance, scope of application, and impact. Therefore, it is prudent and often necessary to advise third parties of the existence and effect of sections 362, 365, 525 and 541(c) of the Bankruptcy Code through a separate order. Accordingly, the Debtors seek authority, but not direction, to notice parties on a case-by-case basis, as the Debtors determine is appropriate, of the order granting this Motion, in their sole discretion.

15. The requested relief is particularly appropriate here because the Debtors' primary operations are located in Chile, where they engage with parties who might potentially take action in contravention of the protections of the Bankruptcy Code, including creditors, regulators and other governmental units. The Debtors believe that the "automatic" and self-executing nature of the protections afforded by the Bankruptcy Code may not be readily understood by foreign creditors or tribunals unless embodied in an order of this Court. For these reasons, the Debtors believe that the entry of such an order, which the Debtors will be able to transmit to affected parties, will maximize these protections for the benefit of the Debtors' estates.

16. Moreover, the relief requested in this Motion is similar to relief granted by numerous courts, including this Court in other chapter 11 cases in this district. *See, e.g.*, *In re Corp Group Banking S.A.*, (KS) Case No. 21-10969 (Bankr. D. Del. June 25, 2021); *In re Pyxus*

7

*Int'l, Inc.*, Case No. 20-11570 (LSS) (Bankr. D. Del. June 17, 2020); *In re Hexion Holdings LLC*, 19-10684 (KG) (Bankr. D. Del. April 2, 2019); *In re The Relay Shoe Co.*, Case No. 18-11145 (LSS) (Bankr. D. Del. May 15, 2018); *In re VER Techs. Holdco LLC*, Case No. 18-10834 (KG) (Bankr. D. Del. May 4, 2018); *In re Mammoet-Starneth, LLC*, Case No. 17-12925 (LSS) (Bankr. D. Del. Dec. 14, 2017); *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Jul. 26, 2017). The Debtors submit that the present circumstances warrant similar relief in these Chapter 11 Cases.

17. Finally, the Court's general equitable powers are codified in section 105(a) of the Bankruptcy Code, which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." *Collier on Bankruptcy* ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986).

18. The Debtors respectfully request that the Court enter the Proposed Order: (i) restating the protections of sections 362, 365, 525 and 541(c) of the Bankruptcy Code and (ii) granting related relief. The Proposed Order will facilitate protecting the Debtors from parties, particularly those in foreign jurisdictions who are not familiar with the Bankruptcy Code or its protections, who otherwise might violate these provisions.

19. Accordingly, granting the relief requested herein will facilitate a smooth and orderly transition of the Debtors' operations into chapter 11 and minimize the disruption to the Debtors' business affairs. The Debtors, therefore, request that this Court grant the requested relief.

## **Notice**

20. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov); (ii) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (iii) counsel to the administrative agent for the secured loan facility, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com), Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com); and 799 9th Street NW, Suite 1000, Washington, DC 20001, Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com); (iv) counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801, Attn: Derek C. Abbott (DAbbott@morrisnichols.com), Curtis S. Miller (CMiller@morrisnichols.com), and R. Jason Russell (JRussell@morrisnichols.com); and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

*[Remainder of this page intentionally left blank]*

**WHEREFORE**, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: November 17, 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Sean T. Greecher*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Fax: (302) 571-1253
Email: pmorgan@ycst.com
sgreecher@ycst.com
afaris@ycst.com

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (*pro hac vice* admission pending)
Luke A. Barefoot (*pro hac vice* admission pending)
Jack Massey (*pro hac vice* admission pending)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999
Email: rcooper@cgsh.com
lbarefoot@cgsh.com
jamassey@cgsh.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No.: 21-11507 (   ) |
| Debtors. | (Jointly Administered) |

**ORDER (I) RESTATING AND ENFORCING PROTECTIONS
OF 11 U.S.C. §§ 105(a), 362, 365, 525 AND 541(c)
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Alto Maipo SpA ("Alto Maipo") and Alto Maipo Delaware LLC ("Alto Maipo Delaware"), debtors and debtors in possession in the above-captioned cases (together, the "Debtors"), for entry of an order (this "Order") (i) enforcing the protections of sections 105(a), 362, 365, 525 and 541(c) of the Bankruptcy Code and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (•) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases shall operate as a stay applicable to all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental or quasi-governmental units, including any state, locality or territory thereof (and all those acting for or on their behalf), regardless of whether or not they have received a copy of the Order, of:

(a) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these Chapter 11 Cases, or to recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

(b) The enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of these Chapter 11 Cases;

(c) Any act to obtain possession of property of the Debtors' estates or of property from their estates or to exercise control over property of the estates;

(d) Any act to create, perfect or enforce any lien against property of the Debtors' estates;

  (e)  Any act to create, perfect or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 Cases;

  (f)  Any act to collect, assess or recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

  (g)  The setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases, except as allowed under section 553 of the Bankruptcy Code; and

  (h)  The commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period this Court may determine.

3.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4.  Pursuant to sections 362 and 365(e) of the Bankruptcy Code, and notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases or (ii) the commencement of these Chapter 11 Cases.

5.  Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, a governmental unit may not deny, revoke, suspend or refuse to renew a license, permit, charter, franchise or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of or discriminate with respect to employment against the Debtors solely because the Debtors (i) are debtors under chapter 11, (ii) have been insolvent before the commencement of these Chapter 11 Cases or during these

3

Chapter 11 Cases but prior to being granted or denied a discharge or (iii) have not paid a debt that is dischargeable in these Chapter 11 Cases under the Bankruptcy Code.

6.      Pursuant to and to the extent set forth in section 541(c) of the Bankruptcy Code, any interest of the Debtors in property becomes property of the estates, notwithstanding any provision in any agreement, transfer instrument or applicable non-bankruptcy law that: (i) restricts or conditions transfer of such interest by the Debtors or (ii) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of these Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification or termination of the Debtors' interest in property.

7.      For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

8.      The Debtors are authorized, but not directed, to provide additional notice to parties, as the Debtors determine is appropriate in their sole discretion, of these Chapter 11 Cases.  The Debtors are authorized to procure and provide true and correct foreign-language translations of the Motion, this Order or any other materials filed in these Chapter 11 Cases to any foreign party in interest at the Debtors' discretion.

9.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

10.     Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as a debtors-in-possession, of any executory contract or unexpired lease.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

5

12. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.