**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No.: 21-11507 (   ) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS
FOR GOODS ORDERED PREPETITION AND RECEIVED
POSTPETITION AND AUTHORITY TO SATISFY SUCH OBLIGATIONS IN THE
ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**

Alto Maipo SpA ("Alto Maipo") and Alto Maipo Delaware LLC ("Alto Maipo Delaware") debtors and debtors in possession (the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (i) granting administrative expense priority to all undisputed obligations for goods ordered prepetition and received postpetition and authority to satisfy such obligations in the ordinary course of business; and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporates by reference the *Declaration of Javier Dib in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") which was filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (•) (Delaware). The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicate for the relief requested herein is section 503(b) of the Bankruptcy Code.

**Background**

3. On November 17, 2021 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (this "Court"). As of the Petition Date, the Debtors continue to operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases, and no committees have been appointed or designated at this time

4. Alto Maipo is a special purpose company, incorporated under Chilean law for the purpose of developing, constructing, and operating a run-of-river hydroelectric energy project in the Santiago Metropolitan Region of Chile, approximately 30 miles southeast of the city of Santiago. The hydroelectric energy project that is presently under construction (the "Project") will

consist of two run-of-river hydroelectric plants which, once completed, will provide significant zero-emissions energy to Chile's electric grid.

5. As set forth more fully in the First Day Declaration, the energy market that Alto Maipo will enter into next year is not the same energy market that the Company projected would exist upon its initial Commercial Operation Date when construction began in 2013. Since that time, increased generation capacity has driven down electricity prices in Chile, such that spot prices at which Alto Maipo could sell power are now less than half of what they were in 2013. Meanwhile, climate change has significantly impacted the hydrology of the Maipo Valley, where the Company's hydroelectric project is being constructed, and lower precipitation levels reduce in turn the amount of power that the Project can produce. As a result, Alto Maipo can no longer rely on its prior revenue projections, which assumed economic and environmental factors that are no longer in place. In order to right-size its capital structure to meet these market challenges, and in light of the looming liquidity shortfall, the Debtors commenced these Chapter 11 Cases to ensure that it can complete construction of its Project and generate renewable energy for many years to come.

**Relief Requested**

6. By this Motion, the Debtors seek entry of the Proposed Order: (i) granting administrative expense priority to all undisputed obligations for goods ordered prepetition and received postpetition and authority to satisfy such obligations in the ordinary course of business; and (ii) granting related relief.

7. As noted in the First Day Declaration, the Debtors rely heavily on the receipt of various goods and other materials in the operation of their businesses, a majority of which ship from non-U.S. vendors. These goods include, but are not limited to, materials critical for the continued development and construction of the Project. Prior to the Petition Date, the Debtors

3

ordered goods in the ordinary course of business that are essential to the conduct of their business but will not be received until after the Petition Date (the "Outstanding Prepetition Orders").

8. Certain suppliers and vendors may refuse to ship or transport such goods (or may attempt to recall such shipments) unless the Debtors issue substitute purchase orders or agreements postpetition, in an effort to avoid a risk of becoming general unsecured creditors of the Debtors' estates with respect to such goods. To prevent any disruption to the Debtors' business operations, and given that goods necessary to the ordinary course operation of the Debtors' business that were ordered prepetition may not be received until after the Petition Date, the Debtors hereby seek entry of an order: (a) granting administrative expense priority under section 503(b) of the Bankruptcy Code to all undisputed obligations of the Debtors arising from the Outstanding Prepetition Orders and (b) authorizing the Debtors to satisfy such obligations in the ordinary course of business.

## Basis for Relief

9. Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition receipt of goods, including goods ordered prepetition, are, in fact, administrative expense priority claims because they benefit the estate postpetition. Thus, the granting of the relief sought herein with respect to the Outstanding Prepetition Orders will not afford such claimants any greater priority than they otherwise would have if the relief requested herein were not granted, and will not prejudice any other party in interest. Absent such relief, however, the Debtors may be required to expend substantial time and effort reissuing the Outstanding Prepetition Orders to provide certain suppliers and vendors with assurance that their claims on account of goods delivered postpetition are entitled to administrative priority. The attendant disruption to the continuous and timely flow of critical goods to the Debtors would significantly hinder the Debtors' ability to continue operations in the ordinary course, damage the

Debtors' business reputation, delay or cause increased risk to the completion of the Project, and ultimately lead to a loss of revenue, all to the detriment of the Debtors and their creditors.

10.     Accordingly, the Debtors submit that the Court should confirm the administrative expense priority status of the Outstanding Prepetition Orders and should authorize the Debtors to pay the Outstanding Prepetition Orders in the ordinary course of business.

## Reservation of Rights

11.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserves their rights to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be, nor should it be, construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

12.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov); (ii) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (iii) counsel to the administrative agent for the secured loan facility, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com), Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com); and 799 9th Street NW, Suite 1000, Washington, DC 20001, Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com); (iv) counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600,

Wilmington, DE, 19801, Attn: Derek C. Abbott (DAbbott@morrisnichols.com), Curtis S. Miller (CMiller@morrisnichols.com), and R. Jason Russell (JRussell@morrisnichols.com); (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; and (vii) the Office of the United States Attorney for the District of Delaware.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

**Conclusion**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 17, 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Sean T. Greecher*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 571-6600
Facsimile:      (302) 571-1253
Email: pmorgan@ycst.com
           sgreecher@ycst.com
           afaris@ycst.com

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (*pro hac vice* admission pending)
Luke A. Barefoot (*pro hac vice* admission pending)
Jack Massey (*pro hac vice* admission pending)
One Liberty Plaza
New York, New York 10006
Telephone:     (212) 225-2000
Facsimile:      (212) 225-3999
Email:  rcooper@cgsh.com
            lbarefoot@cgsh.com
            jamassey@cgsh.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No.: 21-11507 (   ) |
| Debtors. | (Jointly Administered) |

**ORDER (I) GRANTING ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS FOR GOODS ORDERED PREPETITION AND RECEIVED POSTPETITION AND AUTHORITY TO SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order, pursuant to section 503(b) of the Bankruptcy Code, (i) granting administrative expense priority to all undisputed obligations for goods received postpetition pursuant to the Outstanding Prepetition Orders and (ii) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and upon the First Day Declaration; and it appearing that proper and adequate notice of the Motion

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (•) (Delaware). The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All undisputed obligations related to postpetition receipt of goods under the Outstanding Prepetition Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to pay all undisputed amounts related to the Outstanding Prepetition Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

4. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granting in this Order in accordance with the Motion.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.