## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALTO MAIPO DELAWARE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11507 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date (Requested): Feb. 16, 2022 at 11:00 a.m. (ET)**<br>**Objection(s) Due: TBD** |

### EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9006 EXTENDING CHALLENGE PERIOD AND PROVIDING FOR RELATED RELIEF

The Official Committee of Unsecured Creditors (the "Committee") of Alto Maipo SpA ("Alto Maipo") and Alto Maipo Delaware LLC ("Alto Maipo Delaware"), debtors and debtors in possession (together, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") respectfully submit this emergency motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of the Bankruptcy Code and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Challenge Period[2] for an additional sixty (60) days until April 1, 2022 and providing for related relief as described herein.  In support of this Motion, the Committee respectfully represents as follows:

---

[1]     The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (37-2021916 (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Final Order Under Sections 105, 361, 362, 363, and 507, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral and (II) Granting Adequate Protection to Secured Lenders* (the "Final Cash Collateral Order") (D.I. 164).

**PRELIMINARY STATEMENT**

1.  On November 17, 2021 (the "Petition Date"), each of the Debtors commenced its chapter 11 case by filing a petition for relief under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  On November 19, 2021 this Court entered an Interim Cash Collateral Order (as defined herein) approving cash collateral.   Under paragraph 17(c) of that order the Challenge Period was "the seventy-fifth (75th) calendar day following the entry of the Interim Order," or February 3, 2022.   Thereafter, the Court entered a Final DIP Order (as defined herein), which provided that the Challenge Period was now 45 days after entry thereof and less than the Delaware local rule requirement of 75 days.  At the time of the entry of such orders, no Committee had been appointed.

3.  On Monday, January 31, 2022, the Office of the United States Trustee (the "United States Trustee") appointed the Committee (D.I. 231).  That evening, and subject to the approval of this Court, the Committee selected the undersigned attorneys as its counsel.  As a fiduciary for all unsecured creditors, the Committee is granted broad statutory powers to, among other matters, "investigate the acts, conduct, assets and liabilities and financial condition of the debtor . . . and any other matter relevant to the case or to the formulation of a plan."  11 U.S.C. §1103(c)(2). Given these statutory obligations, the Committee through its counsel verbally requested an extension of the Challenge Period the day after the Committee's appointment by the United States Trustee.  At the behest of Debtors' counsel, the request for the extension was confirmed by email the following morning.

4.  Although the parties are currently in discussions in an attempt to extend the Challenge Period and resolve related issues, to date, the Debtors and the Prepetition Secured Parties have refused to consensually extend the Challenge Period for a reasonable period of time

in order to allow the Committee to confirm the sufficiency and adequacy of the Prepetition Liens, among other issues relating to the Secured Prepetition Parties.

5.      It is respectfully submitted that cause exists for the Court to extend the Challenge Period and provide related relief.  The record in these proceedings dictates that such an extension is well within the Committee's purview to demand in order to meaningfully participate in these cases and meet its fiduciary duties to its stakeholders.

## BACKGROUND

6.      Since the Petition Date, the Debtors have continued to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

7.      Alto Maipo is a special purpose company, incorporated under Chilean law for the purpose of developing, constructing, and operating a run-of-river hydroelectric energy project in the Santiago Metropolitan Region of Chile, approximately 30 miles southeast of the city of Santiago.  The hydroelectric energy project that is presently under construction will consist of two run-of-river hydroelectric plants which, once completed, will provide significant zero-emissions energy to Chile's electric grid.

8.      On November 18, 2021, the Court held a first day hearing and, thereafter, subsequent hearings related thereto in which the Court considered the Debtors' initial requests for relief, including the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Modifying the Automatic Stay* (D.I. 12) (the "Cash Collateral Motion").  Pursuant to the Cash Collateral Motion, the Court initially granted the *Interim Order Under Sections 105, 361, 362, 363, and 507, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral and (II) Granting Adequate Protection to Secured Lenders* (D.I. 61) (the "Interim Cash Collateral Order").

9.      The Court has also subsequently granted additional relief requested by the Debtors, including (i) the Final Cash Collateral Order (collectively with the Interim Cash Collateral Order, the "Cash Collateral Orders"); (ii) the *Interim Order Granting Debtors' Motion to (I) Authorize Debtor in Possession to Obtain Post Petition Financing Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; (II) Grant Superpriority Administrative Expense Claims to DIP Lender(s) Pursuant to 11 U.S.C. §§ 364 and 507; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; and (IV) Grant Related Relief* (D.I. 70) (the "Interim DIP Order") and (iii) subsequent final order relating to the latter (D.I. 166) (the "Final DIP Order" and collectively with the "Interim DIP Order", the "DIP Orders").

10.     The Cash Collateral Orders provide that "[t]he Debtors' acknowledgements, stipulations and releases set forth in Paragraph F above (sic) (collectively the "Stipulations"), are final and binding upon all the Debtors" and that the Stipulations "shall be binding upon each other party in interest, including, without limitation, a Creditors Committee except only to the extent that a Challenge . . . is timely commenced by a Creditors Committee . . . ."  (D.I. 61, ¶ 17; D.I. 164, ¶ 17).

11.     It appears from a plain reading of the Cash Collateral Orders that the "Stipulations" in Paragraph "F" contained in both of the orders upon which the Prepetition Secured Parties rely as final and binding upon the Debtors and other interested parties, including the Committee, do not relate to the validity, priority or rank of the Prepetition Liens.  In fact, the reference to the "Stipulations" set forth in Paragraph "F" is misplaced as that paragraph only relates to the definition of "Cash Collateral."  From such a reading, it appears that the Prepetition Liens are free to be challenged at any time.

12.     Moreover, only "up to $25,000 of Cash Collateral . . . may be used to pay allowed fees and expenses of counsel retained by the Creditors' Committee, if any, incurred directly in the investigation (but not the prosecution) of the validity, perfection, enforceability and extent of the Prepetition Obligations and Prepetition Liens and any potential claims of the Debtors' estates against the Prepetition Secured Parties . . . " including claims under "Chapter 5 of the Bankruptcy Code." (D.I. 61, ¶ 6; D.I. 164, ¶ 6).  Conversely, the DIP Orders provide that "neither the Carve Out nor any proceeds of any DIP Loans shall be used to . . . object to . . . investigate, initiate, assert or prosecute any claims, defense or cause of action relating to . . . any of the agreements between any of the Debtors . . . and their affiliates . . . ."  (D.I. 70, ¶ 9; D.I. 166, ¶ 9).

## JURISDICTION AND VENUE

13.     The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of the Chapter 11 Cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The legal bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006 and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

14.     By this Motion, the Committee requests entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1) extending the Challenge Period by sixty (60) days to April 1, 2022, without prejudice to the Committee seeking additional extensions of the Challenge Period for good cause shown.

## BASIS FOR RELIEF

15.    Section 105(a) of the Bankruptcy Code provides:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce orders or rules, or to prevent abuse of process.

11 U.S.C. § 105(a).

16.    Section 105(a) of the Bankruptcy Code permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title."  11 U.S.C. § 105(a). "[Section 105(a)] has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings." *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).  Section 105(a) affords this Court the ability to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain."  *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery,* 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  This Court has summarized the Third Circuit's interpretation of section 105(a) accordingly, and provided that it confers a bankruptcy court with broad authority to provide equitable relief, as well as the ability to craft flexible remedies not expressly authorized by the Bankruptcy Code to effectuate the purpose of the Bankruptcy Code.  *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) (citations omitted).

17.    Thus, Section 105(a) of the Bankruptcy Code confers on the court broad remedial authority to enter any order "necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a); *see also In re Cano*, 410 B.R. 506, 539 (S.D. Tex. 2009) (finding section 105(a)'s plain language grants bankruptcy courts broad remedial authority).

Section 105(a) does not require a court to use the least restrictive means to carry out the requirements of the Bankruptcy Code. Rather, Congress explicitly added to the statute deferential discretionary language with "or appropriate." *Id.*

18.    The Supreme Court has also emphasized the Bankruptcy Court's broad authority under section 105(a) and the need to apply that section according to its terms. *Id.* (*citing Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 373-76, 127 S. Ct. 1105, 166 L.Ed.2d 956 (2007) (holding that under section 105(a), bankruptcy courts have "broad authority . . . to take any action that is necessary or appropriate 'to prevent the abuse of process.'"); *see also U.S. v. Energy Resources Co., Inc.,* 495 U.S. 545, 549, 110 S. Ct. 2139 (1990) ("The Code also states that bankruptcy courts may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code.  § 105(a)."); *see also In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 822 (E.D. Mich. 2007) (under 11 U.S.C. § 105(a), bankruptcy courts may, sua sponte, exercise their inherent power to reconsider, modify, or vacate prior orders).

19.    The record in these proceedings more than adequately provides the cause to extend the Challenge Period.  The Committee was not appointed until January 31, 2022.  "The creditors' committee is responsible for representing the interests of its constituents and maximizing their recovery." *In re Haskell-Dawes, Inc.*, 188 B.R. 515, 519 (Bankr. E.D. Pa. 1995) (citing *Official Unsecured Creditors' Committee v. Michaels (In re Marin Motor Oil, Inc.*), 689 F.2d 445 (3d Cir. 1982)), *see also Cybergenics*, 330 F.3d at 553 (3d Cir. 2003) (en banc) ("As is also customary, the United States trustee appointed a creditors' committee . . . to represent the interests of . . . unsecured creditors.").  In drafting the Bankruptcy Code, Congress intended for committees "to play a robust and flexible role in representing the bankruptcy estate." *Cybergenics*, 330 F.3d at 566 ("Sections 1109(b) and 1103(c)(5) [of the Bankruptcy Code], taken together, evince a Congressional intent

for committees to play a robust and flexible role in representing the bankruptcy estate, even in adversarial proceedings."). Until its appointment, there was no party in interest capable or charged with the responsibility to conduct an investigation of the Prepetition Liens. Any attempt by the Debtors or Prepetition Secured Lenders to bind the Committee to a deadline to which it had no input or control is without merit. Any other result which would bind the Committee is akin to a non-consensual third party release which should only be approved on the basis of general principles of contract law, including with the consent by the party to be bound. *See First Fid. Bank v McAteer*, 985 F.2d 114, 118 (3d Cir. 1993)

20.    With respect to the deadline, Local Rule 4001-2 provides in pertinent part that all cash collateral requests under the Bankruptcy Code reference any "[p]rovision or finding of fact that (i) bind the estate or other parties in interest with respect to the validity, perfection or amount of the secured creditor's prepetition lien or the waiver of claims against the secured creditor without giving parties in interest, including, but not limited to, any official committee appointed in these cases, at least seventy-five (75) days from the entry of the initial interim [cash collateral] order . . . ." Local Rule 4001-2(a)(i)(Q). The Interim Cash Collateral Order did, in fact, include such provision. (D.I. 61, ¶ 17(c)). However, the Final Order Cash Collateral Order provided only forty-five days from the entry of the Final Order in which to confirm the sufficiency and adequacy of the Prepetition Liens. (D.I. 164, ¶ 17(c)). Given the ambiguity, if not inconsistency, between the Cash Collateral Orders, and the probability that the Challenge Period does not encompass any challenges relating to the secured status of the Prepetition Liens, not to mention the fact that the Committee and its proposed counsel have just begun the process of getting up to speed regarding the Proceedings, we believe that the Committee is well within its rights to request a sixty (60) day extension of the Challenge Period.

21.    In addition, Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Challenge Period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

*Id.* at 9006(b)(1).  *See also In re Outer Harbor Terminal LLC*, Case No. 16-10283, 017 Bankr. LEXIS 1263, *11 (LSS) (Bankr. D. Del. May 5, 2017) (holding that the interpretation of prior court order in the context of a motion to extend the challenge period is "an exercise of contract interpretation rather than the routine enforcement of a prior court order," and noting that the "paramount goal of contract interpretation is to determine the intent of the parties.").  Consistent with this rule, parties have routinely agreed to consensually extend the challenge period deadlines for creditors' committees.

22.    For all the foregoing reasons, the requested extension of the Challenge Period is supported by sufficient cause and should be approved by the Court. In addition, the Committee respectfully request that the cap of $25,000 as set forth in the Cash Collateral Orders be increased to allow the Committee to properly conduct the due diligence necessary for a cross-border case of such magnitude.

### NOTICE

23.    Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to:  (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov); (ii) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (iii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton

LLP, One Liberty Plaza, New York, NY 10006, Attn: Richard J. Cooper (rcooper@cgsh.com),
Luke A. Barefoot (lbarefoot@cgsh.com) and Jack Massey (jamassey@cgsh.com); and local
counsel, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,
Wilmington, DE 19801, Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher
(sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com); (iv) counsel to the prepetition
secured term lenders, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York,
NY 10019, Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com), Andrew Rosenblatt
(andrew.rosenblatt@nortonrosefulbright.com); and 799 9th Street NW, Suite 1000, Washington,
DC 20001, Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com); (v) counsel to the DIP
Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE,
19801, Attn: Derek C. Abbott (DAbbott@morrisnichols.com), Curtis S. Miller
(CMiller@morrisnichols.com), and R. Jason Russell (JRussell@morrisnichols.com); (vi) counsel
to Strabag, Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield,
MI 48075, Attn: Robert S. Hertzberg (Robert.hertzberg@troutman.com) and Deborah Kovsky-
Apap (Deborah.kovsky@troutman.com), and Troutman Pepper Hamilton Sanders LLP, Hercules
Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801, Attn: David M. Fournier
(david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com);
and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the
nature of the relief requested herein, the Committee submits that no other or further notice is
necessary.

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order, extending the Challenge Period within which the Committee may confirm the adequacy and extent of the Prepetition Secured Parties' security interests in the Debtors' assets through and including April 1, 2022 (without prejudice to further extensions), and grant such other and further relief as the Court may deem just and proper.

Dated: February 3, 2022
       Wilmington, Delaware

           **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

           */s/ Jennifer R. Hoover*
           Jennifer R. Hoover (DE No. 5111)
           Kevin M. Capuzzi (DE No. 5462)
           John C. Gentile (DE No. 6159)
           1313 North Market Street, Suite 1201
           Wilmington, DE 19801
           Telephone: (302) 442-7010
           Fax:     (302) 442-7012
           Email:   jhoover@beneschlaw.com
                     kcapuzzi@beneschlaw.com
                     jgentile@beneschlaw.com

           - and -

           Sam J. Alberts (admitted *pro hac vice*)
           David F. Cook (DE No. 6352)
           **DENTONS US LLP**
           1900 K Street, NW
           Washington, DC 20006
           Telephone: (202) 408-7004
           Fax:     (202) 496-7756
           Email:   sam.alberts@dentons.com
                     david.f.cook@dentons.com

           - and -

           Lynn P. Harrison III (admitted *pro hac vice*)
           **DENTONS US LLP**
           1221 Avenue of the Americas
           New York, NY 10020
           Telephone: (212) 768-6700

Fax:        (212) 768-6800
Email:      lynn.harrisoniii@dentons.com

- and -

James R. Irving (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
Fax:        (502) 540-2215
Email:      james.irving@dentons.com

- and -

Carlos Urzúa
Gonzalo Varela
**DENTONS LARRAÍN RENCORT SpA**
Av. Apoquindo 3885
Piso 18
Las Condes
Santiago, Chile
Telephone: +56.2.2411.9200
Email:      carlos.urzua@dentons.com
            gonzalo.varela@dentons.com

*Proposed Counsel for Official Committee of Unsecured Creditors*