**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Alto Maipo Delaware LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 21-11507 (KBO)<br><br>(Jointly Administered)<br>**RE: D.I. 244** |

**OBJECTION OF AES ANDES, SA TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION TO EXTEND CHALLENGE PERIOD**

AES Andes, SA ("AES" or the "DIP Lender"), by and through its undersigned counsel, hereby submits this response to the *Emergency Motion of Official Committee of Unsecured Creditors* (the "Committee") *for Entry of Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006 Extending Challenge Period and Providing for Related Relief* (D.I. 245) (the "Motion") and respectfully states as follows:

**BACKGROUND**

1. After notice and a hearing, the Court entered the *Final Order Under 11 U.S.C. §§ 105, 361, 362, 363, and 507, and Bankruptcy Rules 2002, 4001, and 9014 (I) Authorizing Debtors to Use Cash Collateral and (II) Granting Adequate Protection to Secured Lenders* (D.I. 164) (the "Cash Collateral Order") on December 17, 2021.  No appeals have been taken with respect to the Cash Collateral Order.

2. The Cash Collateral Order established a Committee Expense Cap of $25,000 which may be used to pay the allowed fees and expenses of counsel retained by the Creditors' Committee,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (2371) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

if any, that are incurred directly in the investigation of prepetition obligations.  Cash Collateral Order ¶ 6.  AES understands that through their operations, the Debtors have consumed most of their cash collateral, effectively meaning that the funds for the Committee's investigation of the Prepetition Secured Parties' liens will be paid from the DIP loan.

3. The Cash Collateral Order further established a challenge period after which any objections to prepetition claims of the Prepetition Secured Parties are barred (the "<u>Challenge Period</u>").  Pursuant to Paragraph 17(d) of the Cash Collateral Order, the Challenge Period expired on January 31, 2021.  No creditor or party-in-interest filed an objection.  Upon the next calendar day following the expiration of the Challenge Period, all challenges not timely filed within the Challenge Period were deemed "forever released, waived, and barred."  Final Cash Collateral Order, ¶ 17(d).  The Committee filed its Motion after the Challenge Period expired on February 3, 2022.

4. The Court entered the *Final Order Granting Debtors' Motion to (I) Authorize Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364; (II) Grant Superpriority Administrative Expense Claims to DIP Lender(s) Pursuant to 11 U.S.C. §§ 364 and 507; (III) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; and (IV) Grant Related Relief* (D.I. 166) (the "<u>DIP Order</u>") on December 17, 2021.  No appeals have been taken with respect to the DIP Order.

5. The DIP Order was heavily negotiated and provides $50 million in financing to the Debtors on highly favorable terms, including that the loan is being provided on an unsecured superpriority basis.  No other lender was willing to make a loan on similar terms.  *See* Declaration of Ari Lefkovitz in Support of Debtors' DIP Motion (D.I. 16), ¶¶ 10–12.

6. One such negotiated term is paragraph 9 of the DIP Order, which prohibits any party from using DIP proceeds to investigate or pursue claims against the DIP Lender with respect

to the DIP loan or any agreements between the Debtor and the DIP Lender or any of its affiliates. *See also* DIP Credit Agreement at 2.05(b)(ii). Although paragraph 12 of the Committee's Motion references paragraph 9 of the DIP Order, the Motion and its attached proposed order do not request any relief with respect to the DIP Order.

## ARGUMENT

7. There is no reason to increase the $25,000 Committee Expense Cap established in the Cash Collateral Order because the Challenge Period has already expired. The Cash Collateral Order is a final and non-appealable court order that all parties have relied upon since its entry, including the DIP Lender, which has funded $10 million to the Debtors to date. *See* Cash Collateral Order ¶ A ("Any objections to the relief sought in the [Cash Collateral] Motion that has not previously been withdrawn, waived, or settled are hereby denied and overruled."); *In re Future Energy Holdings Corp.*, 575 B.R. 616, 631 (Bankr. D. Del. 2017) ("For an order to be final . . . it must completely resolve all of the issues pertaining to a discrete claim."); *In re Outer Harbor Terminal LLC*, No. 16-10283, 2017 Bankr. LEXIS 1263, at *18 (Bankr. D. Del. May 5, 2017) ("Lenders are entitled to rely on the finality of orders."); Fed. R. Bankr. P. 8002 (requiring appeals from orders to be taken within fourteen days of the order being entered).

8. The Committee appears to base its requests in the Motion on Section 105 of the Bankruptcy Code. Yet the Motion cites no authority to support the assertion that Section 105 allows a court to revisit its own prior final and non-appealable order.[2] In fact, Section 105 does not grant the Court authority to set aside or otherwise alters its previous final, non-appealable orders. *See, e.g.*, *In re Frank Montique, Inc.*, No. 97-12086F, 2003 WL 25947338, at *6–7 (Bankr.

---

[2] The Federal Rules of Bankruptcy Procedure establish how a party may seek relief from a court order under Rule 60 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 9024. The Committee's Motion, however, does not seek relief under Rule 60, nor does it even mention Rule 60 as a basis for the extraordinary relief requested in the Motion. Nor does the Committee's Motion attempt to describe facts that could fairly carry the burden that Bankruptcy Rule 9024 and Federal Rule 60 require of a movant thereunder, most likely because the Committee knew that it could not meet such burden.

3

E.D. Pa. Jan. 21, 2003) ("[T]he bankruptcy court may not use its inherent power [under section 105(a)] to circumvent the limitations of [FRCP 60(b) and Bankruptcy Rule 9024].") (quoting *In re Reinertson*, 241 B.R. 451, 456 (9th Cir. B.A.P. 1999)); *In re Argose, Inc.*, 372 B.R. 705, 709 (Bankr. D. Del. 2007) ("When Rule 60(b) applies, the equitable powers of section 105(a) are limited to the confines of that rule."). The Motion thus fails procedurally and substantively.

9. Accordingly, the Committee is precluded from challenging any prepetition obligations of the Prepetition Secured Parties and there is no reason to increase the Committee Expense Cap. *See In re AOG Entertainment, Inc.*, 558 B.R 98 (Bankr. S.D.N.Y. 2016) (denying as moot a discovery motion related to the investigation of prepetition claims because the challenge deadline had passed); *In re New Century TRS Holdings, Inc.*, No. 07-10416, 2013 WL 1909612, at *2 (Bankr. D. Del. April 30, 2013) (denying Rule 60(b) relief because the movant's claim had already been disallowed).

10. Finally, although the Committee's Motion mentions the DIP Order, it is unclear from the Motion and the proposed order what relief, if any, the Committee actually seeks with respect to the DIP Order. Regardless, like the Cash Collateral Order, the DIP Order is final and non-appealable and may not be altered. DIP Order ¶ 18 ("Any and all objections . . . to the entry of this Final Order that are not otherwise withdrawn, waived, or resolved by consent at or before the Final Hearing, and all reservations of rights included therein, are hereby overruled and denied."); Fed. R. Bankr. P. 8002 (requiring appeals from orders to be taken within fourteen days of the order being entered). Thus for the same reasons articulated above with respect to the Cash Collateral Order, they are not entitled to any relief from the DIP Order.

11. For the foregoing reasons, AES opposes the Committee's Motion and respectfully requests that the Court enter an order denying the relief requested therein.

Dated: February 11, 2022
      Wilmington, Delaware

Respectfully submitted,

*/s/ Curtis S. Miller*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Derek C. Abbott (DE Bar No. 3376)
Curtis S. Miller (DE Bar No. 4583)
Daniel B. Butz (DE Bar. No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Attorneys for AES Andes SA*