**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Alto Maipo Delaware LLC, *et al.*,[1]<br><br>Debtors | Chapter 11<br><br>Case No.:  21-11507 (KBO) |

**CERBERUS' JOINDER AND OBJECTION TO THE EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(A) AND BANKRUPTCY RULE 9006 EXTENDING CHALLENGE PERIOD AND PROVIDING FOR RELATED RELIEF**

---

Cerberus FSBA Corporate Credit Fund, L.P., on behalf of certain funds and accounts managed by its affiliates and their direct and indirect subsidiaries (collectively, "**Cerberus**"), as a Senior Lender,[2] submits this objection (the "**Joinder and Objection**") to the *Emergency Motion of Official Committee of Unsecured Creditors for Entry of Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006 Extending Challenge Period and Providing for Related Relief* [ECF No. 244] (the "**Motion**") and joinder to the (i) *Debtors' Objection to the Emergency Motion of Official Committee of Unsecured Creditors for Entry of Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006 Extending Challenge Period and Providing for Related Relief* (incorporated herein by reference, the "**Debtors' Objection**") and (ii) *Senior Lenders' Objection to the Emergency Motion of Official Committee of Unsecured Creditors for Entry of Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, is Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is: Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Objections (as defined below), as applicable.

*9006 Extending Challenge Period and Providing for Related Relief* (incorporated herein by reference, the "**Senior Lenders' Objection**" and, together with the Debtors' Objection, the "**Objections**"). Cerberus adopts and incorporates by reference the arguments set forth in each Objection and in support thereof respectfully states as follows:

## JOINDER AND OBJECTION

1. The Committee is simply too late in belatedly seeking to "extend" an already-expired Challenge Period. The Committee does not cite an iota of support—not a single case in any jurisdiction—that supports its request to reopen an expired Challenge Period. Put simply, no precedent exists for the relief that the Committee seeks.

2. Though the Committee relies on Bankruptcy Rule 9006(b)(1) to seek a purported "extension," the Committee really seeks to reopen the already-expired Challenge Period. Bankruptcy Rule 9006(b)(1), on which the Committee relies, allows a party to extend a time period "if the request therefor is made before the expiration of the period." Fed. R. Bankr. P. 9006(b)(1). Because the Committee first filed its "extension" Motion after the expiration of the Challenge Period, the Committee finds no support for its motion in the plain text of Bankruptcy Rule 9006(b)(1). *See* Hr'g Tr. at 27:7–11; 35:7–15, *In re Paragon Offshore plc*, No. 16-10386 (CSS) (Bankr. D. Del. Feb. 21, 2017) [ECF No. 1147] ("[T]he plain meaning of 'extension' doesn't mean do-over, it doesn't mean resuscitation, it doesn't mean revival. It means to make longer a period of time that still is in existence. . . . I don't think 'extension' means resuscitation; I think it means extending before expiration of the time. So, even if one were to look at the plain language of the order, I don't think there's any argument to be made that the Court sort of has the inherent power under the order to extend because that period has already expired.").

3. Similar to the Court's finding in *Paragon*, in *In re Outer Harbor Terminal, LLC*, this Court rejected a creditors' committee's request to *enlarge* a challenge period that was made after the period had expired, holding,

> Having found that the challenge period has expired and there is no due process concern, I will not resurrect the challenge period. While it may be unfortunate that the Committee was not appointed earlier, I cannot use that circumstance to re-open an expired period. Lenders are entitled to rely on the finality of orders. The Office of the United States Trustee ensured that parties in interest had an opportunity to challenge the released claims. No party-in-interest did so within the allotted time. Accordingly, I will deny the Committee's motion to enlarge the challenge period as the motion was filed after that period had expired.

*In re Outer Harbor Terminal, LLC*, No. 16-10283 (LSS), 2017 Bankr. LEXIS 1263, at *18 (Bankr. D. Del. May 5, 2017); *accord Official Comm. of Unsecured Creditors ex rel. Jevic Holding Corp. v. CIT Grp./Bus. Credit, Inc.* (*In re Jevic Holding Corp*.), No. 08-11006 (BLS), 2021 WL 1812665, at *7 (Bankr. D. Del. May 5, 2021) ("The current Trustee was not appointed during the defined Interested Party Investigation Period and, therefore, cannot assert a challenge. Once the 75-day Interested Party Investigation Period passed, a party in interest's right to challenge the Prepetition Indebtedness ended, including any right of a Chapter 7 Trustee appointed during that period.").

4. Only upon a finding of "excusable neglect" does Bankruptcy Rule 9006(b)(1) authorize the Court to extend a period after its expiration. *See* Fed. R. Bankr. P. 9006(b)(1). The Committee does not even attempt to assert an "excusable neglect" argument under this provision. Instead, the Committee confusingly argues that the Challenge Period did not expire until February 3, 2022, rendering Committee's Motion timely. Mot. ¶ 2. As set forth in in the Objections, the Committee is wrong and the Challenge Period expired on February 2, 2022. Debtors' Obj. ¶ 13; Senior Lenders' Obj. ¶ 20.

5. The Committee's argument for an extension is without merit for the additional reason that ample notice has been provided in these cases, including to the Committee's counsel who has received notice in these cases since the beginning of December,[3] and the Committee was formed on January 31, 2022 (with counsel engaged immediately). Neither the Committee's constituents nor the Committee itself, once formed, filed a motion or requested an emergency hearing during this time. Indeed, the Committee managed to make other filings after its appointment and prior to the February 2, 2022 deadline, *see Notice of Appearance* [ECF No. 233], and could have acted quickly to properly file an extension motion under Bankruptcy Rule 9006(b)(1), rather than waiting until after the Challenge Period expired.

6. In addition to Bankruptcy Rule 9006(b), the Committee seeks the requested relief pursuant to section 105(a) of the Bankruptcy Code. As set forth in the Objections, however, section 105(a) does not provide an independent legal basis to alter or amend the Cash Collateral Orders.

7. Moreover, and instructive here, Local Rule 4001-2 was amended in 2021, which amendment undermines the Committee's contention that the Challenge Period should be revived because the Committee was recently formed. Prior to the 2021 amendments, Local Rule 4001-2(a)(i)(B) provided, in pertinent part, that parties in interest shall be entitled a challenge period of "at least seventy-five (75) days from the entry of the order and the creditors' committee, if formed, at least sixty (60) days from the date of its formation." *See* Local Rules Redlined Version of 2020 Local Rules with 2021 Changes, https://www.deb.uscourts.gov/sites/default/

---

[3] The Committee's counsel, Dentons, has at all times been included on the master mailing service list ("**MML**") in these Chapter 11 Cases and was on notice of these proceedings as early as December 2, 2021. *See* Aff. of Service, Ex. B at 4 (MMLID 13128439), ECF No. 118. Moreover, not only was the Committee's counsel once again included in its own name on the MML served with the bar date notice in these cases, but counsel is listed on the service list filed on January 13, 2022 as the notice party for Compañia Industrial El Volcan S.A.—now a member of the Committee. *See* Aff. of Service, Ex. B at 5 (MMLID 13128439) and Ex. C (MMLID 13139665), ECF No. 215.

files/3%20%20Redline%20Copy.pdf (last visited Feb. 11, 2022).  Notably, however, Local Rule 4001-2 was amended in 2021 as follows:

> (B**Q**) Provisions or findings of fact that **(i)** bind the estate or other parties in interest with respect to the validity, perfection or amount of the secured creditor's prepetition lien or the waiver of claims against the secured creditor without first giving parties in interest**, including, but not limited to, any official committee appointed in these cases,** at least seventy-five (75) days from the entry of the order and the creditors' committee, if formed, at least sixty (60) days from the date of its formation **initial interim order** to investigate such matters . . . .

*Id.*  As is evident, the 2021 amendments removed the requirement that a committee's challenge period run from the date of formation.  Absent sufficient justification to depart from the local rules, the sole requirement for the committee—as with all parties in interest—is that it is afforded "seventy-five (75) days from entry of the initial interim order."  Del. Bankr. L. R. 4001-2(a)(i)(Q).  Here, that date was February 2, 2022, and the Committee is simply too late.

        8.     As noted in the Objections, the Senior Lenders' claims and liens are properly perfected, valid and enforceable.  *See* Senior Lenders' Obj. ¶¶ 25, 27; Debtors' Obj. ¶ 3.  Reviving a dormant challenge period, however, would cause undue prejudice to the Debtors' prepetition secured lenders, who are entitled to rely on the finality of this Court's orders.  *See Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911, 914 (3d Cir. 1991) ("In the bankruptcy context, the need for finality and certainty is especially acute." (citation omitted)); *see also Taylor v. Freeland & Kronz*, 938 F.2d 420, 425 (3d Cir. 1991) ("In the bankruptcy context, the need for finality and certainty is especially acute.  This need is reflected by Bankruptcy Rule 9006 . . . ." (internal citations omitted)), *aff'd*, 503 U.S. 638 (1992).  Here, as in *Outer Harbor*, "under the Committee's theory, the Lenders in this case could never have certainty with respect to the released claims prior to confirmation unless a committee was appointed."  *Outer Harbor Terminal*, 2017 Bankr. LEXIS 1263, at *14–15.  Such an

interpretation is untenable and contrary to the finality principles embodied in the Bankruptcy Code.

## CONCLUSION

For the reasons set forth in the Objections and hereinabove, Cerberus files this Joinder and Objection and respectfully requests that the Court enter an order denying the Extension Motion.

Dated: February 11, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         pkeane@pszjlaw.com

-and-

DAVIS POLK &WARDWELL LLP
Brian M. Resnick *(pro hac vice* pending*)*
Elliot Moskowitz *(pro hac vice* pending)
Richard J. Steinberg *(pro hac vice* pending*)*
450 Lexington Avenue
New York, NY 10017
Telephone: 212) 450-4000
Email: brian.resnick@davispolk.com
         elliot.moskowitz@davispolk.com
         richard.steinberg@davispolk.com

*Counsel to Cerberus FSBA Corporate Credit Fund, L.P.*