**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Alto Maipo Delaware LLC, *et al.*,[1]<br><br><br><br>Debtors | Chapter 11<br><br>Case No.: 21-11507(KBO)<br><br>(Jointly Administered)<br><br>**Related Doc. Nos. 341, 374, 387 & 440** |

**SENIOR LENDERS' (I) JOINDER AND STATEMENT IN FURTHER SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO ASSUME RESTRUCTURING SUPPORT AGREEMENT AND (II) RESPONSE TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION THERETO**

The lenders to that certain Second Amended and Restated Common Terms Agreement, dated as of May 8, 2018 (as further amended and supplemented, "the "***CTA***"), among Alto Maipo SpA ("***Alto Maipo***"), as borrower, DNB Bank ASA, as LC Issuing Bank, Itaú Corpbanca, as administrative agent, and the lenders thereto (collectively, the "***Senior Lenders***"),[2] hereby submit this (i) joinder and statement in further support of *Debtors' Motion for Entry of an Order Authorizing Debtors to Assume Restructuring Support Agreement* [Docket No. 341] (the "***Assumption Motion***")[3] and (ii) response to the *Objection of Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order Authorizing Debtors to Assume*

---

1  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, is Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is: Los Conquistadores 1730, Piso 10, Santiago, Chile.

2  The Senior Lenders also include parties (the "***Hedging Counterparties***") that provided interest rate hedges to the Debtors with respect to terms loans issued under the CTA and that hold secured claims on a *pari passu* first priority lien basis with the term lenders under the CTA.

3  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Assumption Motion.

{1332.001-W0067405.}

*Restructuring Support Agreement* [Docket No. 387] (the "**Assumption Objection**"), and respectfully state as follows:

## JOINDER AND FURTHER STATEMENT IN SUPPORT

1. The Committee's objection constitutes a premature, untimely attack on confirmation of the Debtors' Plan of Reorganization. The Committee's canned arguments might have relevance in other cases, but ring hollow here, where the Committee represents a constituency that is hundreds of millions of dollars out of the money[4] and is incurring administrative expenses at a pace that will likely exceed, by many multiples, the total quantum of allowed unsecured claims in these cases.[5]

2. By the Assumption Objection, the Committee seeks to undo an agreement that was the product of months of on-going, good-faith and arduous negotiations between the Debtors and the Senior Lenders, who are the key economic stakeholders in these Chapter 11 Cases.

3. The Restructuring Support Agreement contemplates a restructuring deal that provides a clear path for the Debtors' emergence from bankruptcy and avoids a "free-fall" scenario that would jeopardize the Debtors' ability to reorganize in an efficient and cost-effective manner. Rather than being the target of the Committee's litigation ploy, the Restructuring Support Agreement—and the efforts of the Debtors and Senior Lenders to build consensus—should be lauded as being consistent with the overarching objective of Chapter 11.

---

[4] The Debtors filed an Amended Disclosure Statement on March 23, 2022 [Docket No. 402], which includes, at Exhibit C, a valuation analysis prepared by the Debtors' investment banker, Lazard Freres & Co. LLC. The analysis estimated that Alto Maipo's going-concern value upon emergence from bankruptcy (assuming the Effective Date will occur on May 31, 2022) will be in the range of $1.277 billion to $1.416 billion, with a selected midpoint value of approximately $1.347 billion (this amount includes expected cash on hand at emergence and recovery of the CNM Arbitral Award (as defined in the Disclosure Statement)).

[5] On March 23, 2022, the Committee submitted fee applications for the period from January 31, 2022 through February 28, 2022 disclosing that the Committee has incurred fees in the collective amount of approx. $760,000. *See* Docket Nos. 410, 411, 412, 417. This does not include any amounts that may be owed to the Committee's financial advisors.

4.      The Committee's scorched-earth litigation strategy is based on the fact that unsecured creditors have nothing to lose.  However, the unsecured creditors' out-of-the-money financial position does not provide a basis to derail a $2 billion restructuring deal that will allow the Debtors to successfully emerge from bankruptcy as a financially healthy company.  If the Committee believes there is value for unsecured creditors or that there is a legitimate basis to attack the Plan, then the Committee will have the opportunity to object to confirmation at the appropriate time.[6]

5.      As more fully set forth in the *Reply in Support of Debtors' Motion for Entry of an Order Authorizing Debtors to Assume Restructuring Support Agreement* Docket No. 440, which is adopted and incorporated herein by reference, none of the Committee's arguments provide a valid basis for this Court to reject the Debtors' decision to assume the Restructuring Support Agreement.  Among other things:

- The Committee's allegation that the Restructuring Support Agreement is an "insider" deal that was not the result of arm's-length negotiations is an affront to the efforts of the Senior Lenders who have engaged in months of intense and painstaking negotiations with the Debtors and AES regarding the terms of the proposed restructuring.

- The Committee's arguments that the Restructuring Support Agreement serves no legitimate purpose and constitutes a *sub rosa* plan are unsupported and patently false as the agreement itself does not purport to, nor is intended to, displace the Plan.  Nor will the Restructuring Support Agreement result in an end-run around the confirmation process.  The Restructuring Support Agreement does not abridge the rights of any non-party to vote or object to confirmation of the Plan to the extent those rights otherwise exist under the Bankruptcy Code.  The purpose of the Restructuring Support Agreement is to bind the parties to the agreement to continue to support the consensual restructuring deal, and to remain committed to take all affirmative steps necessary to implement that deal, including the remaining critical steps of negotiating and drafting definitive documents that are consistent with the proposed restructuring.

---

6   On the date hereof, the Debtors have filed a revised Plan of Reorganization that proposes to treat general unsecured creditors as being unimpaired and contemplates payment of allowed unsecured claims in full through contributions to be made by AES Andes.  It is contemplated that the actual allowed amount of all general unsecured creditors will not exceed $300,000.  This change in treatment to the general unsecured creditors should resolve or moot the Committee's objections to the Restructuring Support Agreement and Plan of Reorganization.

- The Committee's argument that the Restructuring Support Agreement should be rejected because the Debtors' potential breach of the agreement could result in administrative expenses that could be "devastating" to the Debtors' unsecured creditors, is pure fiction. Not surprisingly, the Committee fails to explain how already out-of-the-money unsecured creditors could be harmed by the accrual of potential additional administrative expense claims.

## CONCLUSION

6. For the foregoing reasons and those set forth in the Assumption Motion, the Senior Lenders request that the Court enter an order granting the Assumption Motion and related relief.

Dated: April 4, 2022
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  mcguire@lrclaw.com
　　　　pierce@lrclaw.com

-and-

**NORTON ROSE FULBRIGHT US LLP**
Andrew Rosenblatt (admitted *pro hac vice*)
Derek Cash (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
Email: andrew.rosenblatt@nortonrosefulbright.com
Email: derek.cash@nortonrosefulbright.com

*Counsel for the Senior Lenders*