## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 369, 427, & 430** |

**NOTICE OF FILING OF REVISED PROPOSED ORDER (I) APPROVING THE
DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING
PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING
THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C)
APPROVING THE FORM OF THE BALLOT AND ESTABLISHING PROCEDURES
FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION;
(III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE
AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

> **PLEASE TAKE NOTICE** that, on March 15, 2022, the above-captioned debtors and debtors in possession (together, the "Debtors") filed the *Debtors' Motion for an Order (I) Approving the Disclosure Statement, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of the Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures, and (IV) Granting Related Relief* [D.I. 369] (the "Motion").[2] The Motion attached as an exhibit a proposed form of order approving the relief requested in the Motion (the "Original Proposed Order").

> **PLEASE TAKE FURTHER NOTICE** that on March 29, 2022, the Office of the United States Trustee (the "U.S. Trustee") filed the *United States Trustee's Objection to the Debtors' Motion for Entry of an Order Approving Disclosure Statement, Establishing Solicitation and Voting Procedures, and Granting Related Relief* [D.I. 427] (the "UST Objection"), and the Committee filed the *Official Committee of Unsecured Creditors' Objection to Debtors' Motion Seeking Approval of Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code and for Related Relief* [D.I. 430] (the "Committee Objection").

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of each of the Motions is scheduled for April 6, 2022 at 12:30 p.m. (the "<u>Hearing</u>").

**PLEASE TAKE FURTHER NOTICE**, to resolve certain issues raised in the UST Objection and the Committee Objection, attached hereto as **<u>Exhibit A</u>** is a revised proposed form of order approving the relief requested in the Motion (the "<u>Revised Proposed Order</u>"). The Debtors intend to seek approval of the Revised Proposed Order at the Hearing, subject to further review and revision based on any additional comments from third parties.  For the convenience of the Court and parties-in-interest, attached hereto as **<u>Exhibit B</u>** is a blackline of the Revised Proposed Order against the Original Proposed Order.

Dated:  April 4, 2022
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Sean T. Greecher*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email: pmorgan@ycst.com
        sgreecher@ycst.com
        afaris@ycst.com

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Jack Massey (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:    (212) 225-2000
Facsimile:    (212) 225-3999
Email:  rcooper@cgsh.com
        lbarefoot@cgsh.com
        jamassey@cgsh.com

*Counsel for the Debtors and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| | (Jointly Administered) |
| Debtors. | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING
SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE
RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND
PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE
FORM OF THE BALLOT AND ESTABLISHING PROCEDURES FOR VOTING,
AND (D) APPROVING PROCEDURES FOR VOTE TABULATION;
(III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE
AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the Debtors for the entry of an order,

pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules

2002, 3003, 3017, 3018, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the

*Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto*

*Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 436) (as approved by

this Order, the "<u>Disclosure Statement</u>"), (ii) approving solicitation and voting procedures with

respect to the *Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto Maipo*

*Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code*  (D.I. 435) (as amended, revised,

modified or supplemented from time to time, the "<u>Plan</u>"), including (a) fixing the Record Date, (b)

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]      Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

approving the Solicitation Packages and procedures for distribution, (c) approving the form of the

Ballot and establishing procedures for voting, and (d) approving procedures for vote tabulation,

(iii) scheduling a confirmation hearing and establishing notice and objection procedures, and (iv)

granting related relief; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware dated February 29,

2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing

on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice

constituting good and sufficient notice to all interested parties and no other or further notice

needing be provided; and the Court having reviewed the Motion, the papers in support thereof, and

objections filed by the United States Trustee for Region 3 (the "U.S. Trustee") (D.I. 427) (the

"UST Objection"), and the Official Committee of Unsecured Creditors (the "Committee") (D.I.

430) (the "Committee Objection," and together with the UST Objection, the "Objections"); and

the revisions to the Disclosure Statement and the Plan having addressed such Objections; and upon

the record of the hearing; and the Court having found and determined that the legal and factual

bases set forth in the Motion and at the hearing establish just cause for the relief granted herein;

and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and

creditors; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.     The notice of the Motion and the Disclosure Statement Hearing Notice were

properly served as set forth in the Motion, and such notice constitutes good and sufficient notice

to all interested parties in compliance with Bankruptcy Rules 2002 and 3017 and no other or further notice need be provided.

B.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.      The form of the ballot (the "Ballot") for Classes 1, 5, and 6 (the "Voting Classes"), attached hereto as **Exhibit 1**, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of these Chapter 11 Cases and is appropriate for the Voting Classes to accept or reject the Plan.

D.      The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

E.      Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, deemed to have accepted, the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore, deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

F.      The period within which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

G.      The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 3**, respectively; the procedures provided in this Order for providing notice to all Creditors, Interest Holders, and parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan; and the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

I.      In addition to serving the Confirmation Hearing Notice as provided for herein, the Debtors will cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in either the *New York Times* or the *Wall Street Journal*, and once in *El Mercurio* (Chile), or similar nationally circulated newspapers, as determined by the Debtors in their sole discretion, as soon as reasonably practicable.  The publication of the Confirmation Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**, as set forth herein.  To the extent not addressed by the revisions to the Plan and Disclosure Statement, the Objections are overruled.

2.      The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue Confirmation of, the Plan.

3.      The Disclosure Statement Hearing Notice is approved.

4.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the

injunction, exculpation and release provisions in Article IX of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.      The Plan Supplement shall be filed and served no later than **April 27, 2022**.

6.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

7.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, Holders of Claims and Interests.

8.      The Ballot, substantially in the form attached hereto as **Exhibit 1** is approved.

9.      The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

10.      The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 3**, is approved.

11.      The Record Date with respect to Holders of Claims shall be **April 5, 2022**.  The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to

accept or reject the Plan as the Holder of a Claim. With respect to any transferred Claim, the

transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on

account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant

to Bankruptcy Rule 3001(e) have been completed by the Record Date. In the event a Claim is

transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the

Plan made by the holder of such Claim as of the Record Date.

12.     Within one (1) business day after entry of this Order (the "Solicitation Date"), the

Debtors shall distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the

Voting Classes as of the Record Date a Solicitation Package containing the following:

> a.      the Disclosure Statement, including the Plan and all other Exhibits annexed
> thereto;
>
> b.      the Disclosure Statement Order (excluding exhibits);
>
> c.      a Ballot and the Voting Instructions;
>
> d.      a pre-addressed, postage pre-paid return envelope; and
>
> e.      the Confirmation Hearing Notice.

13.     The Debtors are authorized (but not required) to distribute, or cause to be

distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), and

the Disclosure Statement Order to the Voting Classes in flash drive format in lieu of paper format.

The Confirmation Hearing Notice, Ballots and return envelopes contained in the Solicitation

Packages shall be provided in paper format.

14.     The Debtors are authorized (but not required) to distribute, or cause to be

distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes a

Non-Voting Package, consisting of (i) the Confirmation Hearing Notice; and (ii) the Notice of

Non-Voting Status, provided, however, that on the Solicitation Date, the Debtors shall cause the

Voting Agent to serve the Confirmation Notice on Holders of Claims in Classes 1, 5 and 6. Nothing herein shall be interpreted as requiring the Debtors to distribute Notices of Non-Voting Packages to Holders of Class 7 Intercompany Claims.

15.    On or before the Solicitation Date, the Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to: (i) all known creditors, (ii) known Interest Holders, (iii) counsel to the Committee, (iv) the U.S. Trustee, and (v) parties requesting notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

16.    Parties that wish to opt in to the Third Party Releases provided in the Plan shall make such an election by checking the box in Item 3 on the Ballot, or by completing the form attached to the Notice of Non-Voting Status as Exhibit A, as applicable, and deliver it to the Voting Agent on or before the Voting Deadline.

17.    The Debtors shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in either the *New York Times* or the *Wall Street Journal*, and once in *El Mercurio* (Chile), or similar nationally circulated newspapers, as determined by the Debtors in their sole discretion, on or before five (5) business days of the entry of the Disclosure Statement Order (or as soon as reasonably practicable thereafter).

18.    With respect to addresses from which the Disclosure Statement Hearing Notice was returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses as to which a further reasonable search has failed to disclose an accurate alternate address unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline.    Failure to mail Solicitation Packages or any other

materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

19.     The deadline by which all Ballots must be properly executed, completed, and actually received by the Voting Agent shall be **May 5, 2022 at 5:00 p.m. (ET)** (the "Voting Deadline"); *provided*, *however*, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require.

20.     Ballots will be accepted in paper form or by electronic submission through the eBallot Portal, by delivering the Ballot by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address, or by following the online voting instructions included with the Ballot, as applicable:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal, which can be accessed under the "Submit E-Ballot" link on the left-hand navigation panel at https://cases.primeclerk.com/altomaipo/ (the "eBallot Portal") by no later than the Voting Deadline.  The Voting Agent's eBallot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.  Ballots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.  The encrypted data and audit trail created by such electronic transmission shall become part of the

record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. For the avoidance of doubt, the Debtors request that Ballots submitted via the eBallot Portal be deemed to contain an original signature.

21.     Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a.     The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b.     The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by April 6, 2022 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c.     A Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed and served by April 6, 2022  shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

d.     With respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed and served by April 6, 2022, the Debtors request, in accordance with

Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes, unless the affected holder of such Claim files and serves a motion pursuant to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion") by no later than April 19, 2022, in which case the provisions of subsection (f) hereof shall control.

e.      Notwithstanding subsection (d) hereof, if the Debtors have requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding to such Claim filed and served on or before April 6, 2022, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, unless the affected holder of such Claim files and serve a Rule 3018(a) Motion by no later than April 19, 2022, in which case the provision of subsection (f) hereof shall control.

f.      Any holder of a Claim that is the subject of a claim objection filed and served on or before April 6, 2022 who wishes to contest such objection solely for the purposes of voting on the Plan must file and serve a Rule 3018(a) Motion by no later than April 19, 2022, and any objections to such motion shall be filed no later than May 3, 2022.  Any holder of a Claim who files a Rule 3018(a) Motion by April 19, 2022 shall be provided with a Ballot by the Voting Agent, and shall be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then unless otherwise agreed by the parties, at the Confirmation Hearing the Court will determine whether the provisional vote should be counted as a vote on the Plan.

g.      Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Class against the Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class against the Debtors.

22.     The amount of Alto Maipo Senior Secured Obligations and DIP Claims for voting purposes only shall be established by reference to the list of record holders maintained by the applicable agent, dated as of the Record Date, which shall reflect all outstanding amounts, including principal, fees and interest, of the applicable positions held by such registered holders as of the Record Date, as evidenced by the applicable records provided by the applicable agent to the Debtors or the Voting Agent, which records shall be provided no later than one Business Day following the Record Date.

29240248.3

23.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors in each Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; provided, however, that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.      Creditors with multiple Claims within each Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within such Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan within the Voting Class will not be counted.

c.      If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

d.      The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot or a Ballot is electronically received via the eBallot Portal.

e.      Any party who has previously submitted a properly completed Ballot to the Voting Agent prior to the Voting Deadline may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any previously received Ballot.

f.      If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

g.      Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may

withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the claim or schedule number associated with such Ballot, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

h.      If the Debtors or the Voting Agent determine, in their discretion after reasonable review, that a creditor has filed duplicative Proofs of Claim against the same Debtor, only the last filed Proof of Claim will be used for the purposes of vote tabulation regardless of whether the Debtors have objected to such duplicative claim.

i.      If a Proof of Claim has been amended by a later filed Proof of Claim, the later filed amended claim shall be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed claim should be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

24.      The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a.      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b.      Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors have granted an extension of the Voting Deadline with respect to such Ballot;

c.      Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

e.      Any Ballot cast by an Entity that does not hold a Claim in the Voting Class;

f.      Any unsigned Ballot or Ballot without an original signature; and

g.      Any Ballot submitted by fax, email or form of electronic transmission, other than via the eBallot Portal, unless approved by the Debtors in writing or otherwise ordered by the Court.

25.     The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the effective date of the Plan, at which time the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

26.     The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determine.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

27.     On or before **May 9, 2022 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report shall, among other things, (a) describe generally every Ballot received by the Voting Agent that did not conform to the Voting Instructions or that

contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed), illegible, unidentifiable, lacking signature, lacking necessary information or damages; (b) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (c) specify any Ballots that were withdrawn; and that were excluded from the final vote tabulation.

28.     The Confirmation Hearing will be held on **May 12, 2022 at 10:00 a.m. (ET)**; *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

29.     Objections to confirmation of the Plan (a "Plan Objection"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **May 5, 2022 at 4:00 p.m. (ET)** by the following (the "Notice Parties"):

    a.     Counsel to the Debtors: (i) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza New York, NY 10006 (Attn: Richard J. Cooper (rcooper@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com), and Jack Massey (jamassey@cgsh.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher (sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com));

    b.     Counsel to the Committee: (i) Dentons US LLP, 1900 K. Street, NW, Washington, DC 20006 (Attn: Sam J. Alberts (sam.alberts@dentons.com) and Lynn P. Harrison III (lynn.harrisoniii@dentons.com)); (ii) Dentons Bingham Greenbaum LLP, 3500 PNC Tower, 101 South Fifth Street, Louisville, KY 40202 (Attn: James R. Irving (james.irving@dentons.com)); (iii) Dentons Larrain Rencort SpA, Av. Apoquindo 3885, Piso 18, Las Condes, Santiago, Chile (Attn: Carlos Urzúa (carlos.urzua@dentons.com) and Gonzalo Varela (gonzalo.varela@dentons.com)); (iv) Benesch, Friedlander, Coplan &

Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE 19801 (Attn: Jennifer R. Hoover (jhoover@Beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com) and John C. Gentile (JGentile@beneschlaw.com));

c.    The U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov));

d.    Counsel to the prepetition secured term lenders and swap counterparties: Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com) and Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com)); 799 9th Street NW, Suite 1000, Washington, DC 20001 (Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com)); and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com))

e.    Counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com) and R. Jason Russell (jrussell@morrisnichols.com));

f.    Counsel to Strabag: Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield, MI 48075 (Attn: Robert S. Hertzberg (Robert.Hertzberg@Troutman.com) and Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com)), and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801 (Attn: David M. Fournier (david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com)); and

g.    Counsel to Cerberus:  Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian Resnick (brian.resnick@davispolk.com), Elliot Moskowitz (elliot.moskowitz@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com)); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com)).

30. The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) on or before **May 9, 2022 at 4:00 p.m. (ET)**.

31. The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

32. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, and the Notice of Non-Voting Status and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

33. Attached hereto as Annex I is a timetable of the significant dates related to solicitation and confirmation of the Plan.

34. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

29240248.3

**ANNEX I**

| Dates and Deadlines in Connection with Confirmation | |
|---|---|
| Disclosure Statement Hearing | April 6, 2022 at 12:30 p.m. (ET) |
| Record Date | April 5, 2022 |
| Solicitation Date | Within one (1) business day of the Disclosure Statement Order |
| Deadline to File Claims Objections for Plan Voting Purposes | April 6, 2022 |
| Deadline to File Rule 3018(a) Motions | April 19, 2022 |
| Deadline to File Plan Supplement | April 27, 2022 |
| Deadline to Object to Rule 3018(a) Motions | May 3, 2022 |
| Voting Deadline | May 5, 2022 at 5:00 p.m. (ET) |
| Confirmation Objection Deadline | May 5, 2022 at 4:00 p.m. (ET) |
| Deadline for Voting Agent to File Plan Voting Report | May 9, 2022 at 4:00 p.m. (ET) |
| Deadline to Reply to Plan Objections | May 9, 2022 at 4:00 p.m. (ET) |
| Confirmation Hearing | May 12, 2022 at 10:00 a.m. (ET) |

**EXHIBIT 1**

**Form of Ballot for Classes 1, 5 and 6**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| | (Jointly Administered) |
| Debtors. | |

**BALLOT FOR CLAIMS IN CLASSES 1, 5 AND 6
FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN
OF ALTO MAIPO SPA AND ALTO MAIPO DELAWARE LLC**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
VOTING AGENT BY MAY 5, 2022 AT 5:00 P.M. (ET)**

---

**IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO
NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL
RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN SECTION 9.3(c) OF
THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT IN" OF SUCH
RELEASE**

---

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delware LLC* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") that was approved by an order (D.I. [•], the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) (the "Voting Agent") at https://cases.primeclerk.com/altomaipo/. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at altomaipoballots@primeclerk.com or by telephone at (844) 216-8745 (toll free in the U.S.) or (646) 795-6960 (international).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware). The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 1, 5 or 6 under the Plan. If you hold Claims in more than one Class under the Plan, you will only receive a ballot for the Voting Classes in which you are entitled to vote.**

**If your Ballot is not actually received by the Voting Agent on or before May 5, 2022 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**You may submit your Ballot electronically via the eBallot Portal, or in the return envelope provided in your package:**

---

**If by eBallot Portal:**
**Ballots may be submitted via an electronic Ballot through the Voting Agent's on-line electronic**
**Ballot submission portal at https://cases.primeclerk.com/altomaipo (the "eBallot Portal") by no later than the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.**
**In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your claim. Please complete and submit an electronic Ballot for each eBallot ID# you receive. eBallots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.**

---

**If by First Class Mail, Overnight Courier, or Hand Delivery:**

Alto Maipo Ballot Processing
c/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If you submit your vote through the eBallot Portal, you should not return a paper Ballot.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of April 5, 2022 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Classes 1, 5 or 6 Claim against the following Debtor in the aggregate amount set forth below.

Amount of Claim:  $_____

Plan Class:_____

Debtor: _____ _____

Item 2.  **Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

Item 3.  **Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN SECTION 9.3(c) OF THE PLAN, THEREBY COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN SECTION 9.3(c) OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN OR WISH TO ABSTAIN FROM VOTING AND YOU WISH TO RELEASE CLAIMS YOU MAY HAVE AGAINST THE RELEASE PARTIES, YOU MAY CHECK THE BOX BELOW TO OPT INTO THE RELEASES; HOWEVER, YOU ARE NOT REQUIRED TO DO SO.**

☐    **The undersigned Claimant elects to grant (and therefore OPTS INTO) the releases set forth in Section 9.3(c) of the Plan.[2]**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article IX of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Section 9.3(c) of the Plan provide:

"*Releases by Holders of Claims and Interests*.  "*As of the Effective Date, to the fullest extent permissible under applicable law, each of the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor and each other Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative Claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, each other Releasing Party or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or*

---

[2] If you vote to accept the Plan, you are automatically bound by the Third Party Release set forth in Section 9.3(c) of the Plan.

*out-of-Court Restructuring efforts, intercompany transactions, entry into the Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility Documents, the New and A&R Obligations Documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising from any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."*

The definitions of certain defined terms in the releases in Section 9.3(c) are defined in the Plan as follows:

*__Releasing Parties__ means, collectively, and in each case in its capacity as such: (a) Norgener Renovables S.p.A.; (b) AES Andes; (c) Strabag, in its capacity as shareholder and subordinated lender; (d) the DIP Agent and each DIP Lender; (e) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (f) each Consenting Creditor; (g) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (h) all holders of Claims or Interests that are deemed to accept the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (j) each current and former Affiliate of each Entity in clause (a) through (i), and (k) each Related Party of each Entity in clause (a) through (j).*

*__Released Parties__ means, collectively, and in each case in its capacity as such: (a) the Company; (b) the Reorganized Company, and each direct or indirect subsidiary of the Company or Reorganized Company; (c) Norgener Renovables S.p.A.; (d) AES Andes; (e) Strabag, in its capacity as shareholder and subordinated lender; (f) the DIP Agent and, if separate, the DIP Lender; (g) the Administrative Agent and the Collateral Agents (in each case, as defined in the Common Terms Agreement); (h) each Consenting Creditor; (i) each current and former Affiliate of each Entity in clause (a) through (h); and (j) each Related Party of each Entity in clause (a) through (i). For the avoidance of doubt, no claims or causes of action of either of the Debtors against (x) Constructora Nuevo Maipo S.A., (y) Hochtief Solutions AG, or (z) Cooperativa Muratori & Cementisti – C.M.C. di Ravenna, nor any of the respective Affiliates of each entity listed in clauses (x) through (z), shall be released pursuant to this Plan.*

*__Agreement Effective Date__ means the date on which the conditions to the effectiveness of the Restructuring Support Agreement set forth therein have been satisfied or waived by the appropriate Party or Parties in accordance with the Restructuring Support Agreement.*

**Item 4. Select Provisions of the Plan**

**Article 9.3(a) and 9.3(b) of the Plan:** *Releases by the Debtors*

> *Releases by the Debtors.  Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, including the efforts of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the Restructuring contemplated by the Plan, pursuant to the Confirmation Order, the adequacy of which is hereby confirmed, and on and after the Effective Date, each Released Party shall be deemed forever released and discharged by each and all of the Debtors, the Reorganized Debtors, and their Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities Laws, or otherwise, including, without limitation, those that any of the Debtors, the Reorganized Debtors, the Estates or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or interest in, a Debtor or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions (other than any Intercompany Claims that have been reinstated as contemplated above), the restructuring, the Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, the Plan Supplement, the Disclosure Statement, the DIP Credit Facility Documents, or the New and A&R Obligations Documents, other than Claims or liabilities arising from any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released.  For the avoidance of doubt, no Claims or Causes of Action based on, or arising from, any retained Causes of Action (as set forth in Section 4.18 herein) shall be released pursuant to this Plan, including, without limitation, actions based on, or arising from, the CNM Arbitration.*

> *Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtors' release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each Debtor release is (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Claims; (3) in the best interests of the Debtors and all Holders of Claims and interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or Reorganized Debtors or their respective Estates asserting any Claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.*

**Article 9.4 of the Plan:** *Exculpation and Limitation of Liability*

> *Upon and effective as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring consultants and other professional advisors and agents shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.*

> *Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or related documents, the Exculpated Parties shall neither have, nor incur any liability for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date, in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other act taken or omitted to be taken in connection with or in contemplation of the Restructuring of the Debtors; provided that the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a final order to have constituted fraud, gross negligence, or willful misconduct; provided further that to the extent permitted by applicable law each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement; provided further that the foregoing shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, or to any right to enforce the Plan and Confirmation Order.*

> *The Exculpated Parties have, and upon confirmation, shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with regard to the distributions of New Common Equity pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violations of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.*

**Article 9.5 of the Plan:** *Injunction*

> *The satisfaction, release and discharge pursuant to this Article IX of the Plan shall also act as an injunction against any entity bound by such provision against commencing or continuing any action, employment of process or act to collect, offset, or recover any Claim or Cause of Action satisfied, released, or discharged under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.*

*[Remainder of page intentionally left blank]*

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies under penalty of perjury that: (i) on the Record Date, it was the holder of the Class 1, 5 or 6 Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-in election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant:    _____
                            (Print or Type)

Name of Claimant
for Holder (if applicable): _____
                            (Print or Type)

Signature:    _____

Name of Signatory:    _____
                            (Print or Type)

Title:    _____
                            (If applicable)

Address:    _____

            _____

            _____

Telephone:    (___)_____

Date Completed:    _____

Email:    _____


**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it, with your original signature, by mail, hand delivery or overnight courier so that it is received by the Voting Agent by May 5, 2022 at 5:00 p.m. (ET).**

## <u>VOTING INSTRUCTIONS</u>

1.    In order for your vote to count, you must:

      (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)    Review and sign the certifications in Item 5 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required in order for your vote to be counted. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    Review the opt-in election disclosure in Item 4, and determine whether to opt in to the release provisions provided for in Section 9.3(c) of the Plan by checking the box in Item 3.

3.    **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than May 5, 2022 at 5:00 p.m. (ET).**

4.    If voting **<u>electronically</u>**, submit your Classes 1, 5 or 6 Ballot via the Voting Agent's online portal by visiting https://cases.primeclerk.com/altomaipo. In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your claim. Please complete and submit an electronic Ballot for each eBallot ID# you receive. Each eBallot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. eBallots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted. Creditors who cast a Ballot using the eBallot Portal should NOT also submit a paper Ballot.

5.    If voting by **mail**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

6.    THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY. DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE EBALLOT PORTAL. A Ballot submitted by fax, email, or electronic transmission, other than via the eBallot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.    A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted.

29240248.3

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot. If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

13.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

14.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA (I) TELEPHONE AT: (844) 216-8745 (TOLL FREE IN THE U.S.) or (646) 795-6960 (INTERNATIONAL); OR (II) EMAIL AT ALTOMAIPOINFO@PRIMECLERK.COM.

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE. YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

29240248.3

## **EXHIBIT 2**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| Debtors. | Ref Docket Number: |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOT AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1.     ***Approval of the Disclosure Statement.***  At a hearing held on April 6, 2022 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned chapter 11 cases of Alto Maipo SpA and Alto Maipo Delaware LLC (the "Debtors"), entered an order (D.I. [•], the "Disclosure Statement Order") approving the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. [•]), dated as of [•] (as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. [•]) dated as of [•] (as amended, modified or supplemented from time to time, the "Plan").  Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

2.     ***Classification of Claims and Interests under the Plan.***  The classification and treatment of Claims and Interests under the Plan is described generally below:

| **Class** | **Claim or Interest** | **Summary of Treatment** | **Projected Recovery Under Plan** |
|---|---|---|---|
| Class 1 | Alto Maipo Senior Secured Obligations | Impaired | 60-66.8% |
| Class 2 | Secured Claims | Unimpaired / Deemed to Accept | n/a |
| Class 3 | Priority Claims | Unimpaired / Deemed to Accept | n/a |
| Class 4 | General Unsecured Claims | Unimpaired / Deemed to Accept | 100% |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

29240248.3

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|-------|-------------------|----------------------|-------------------------------|
| Class 5 | DIP Claims | Impaired | Up to 100%[2] |
| Class 6 | Strabag's Other Claims | Impaired | Up to 100%[3] |
| Class 7 | Intercompany Claims | Unimpaired / Deemed to Accept OR Impaired / Deemed to Reject | 100% / 0% |
| Class 8 | Existing Equity Interests | Impaired – Deemed to Reject | n/a |

3.        ***Deadline for Voting on the Plan.***  The Court has established  **May 5, 2022 at 5:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received.  Only Holders of Claims in Classes 1, 5, and 6 (Alto Maipo Senior Secured Obligations, DIP Claims, and Strabag's Other Claims) under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes.  To be counted, Ballots must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein, or submitted via the eBallot Portal (as defined below), so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors.  Ballots will be accepted in paper form, or submitted electronically, via the eBallot Portal, by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal, which can be accessed under the "Submit E-Ballot" link on the left-hand navigation panel at https://cases.primeclerk.com/altomaipo (the "eBallot Portal") by no later than the Voting Deadline. The Voting Agent's eBallot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Ballots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.

4.        Holders of Unimpaired Claims under the Plan (i.e., Class 2 Allowed Secured Claims, Class 3 Allowed Priority Claims, and Class 4 General Unsecured Claims) and Classes that are deemed to reject the Plan (i.e., Class 8 Existing Equity Interests) are not entitled to vote on the Plan.

5.        Holders of Allowed Claims in Class 7 (Intercompany Claims) shall have its Claim: (a) Reinstated or (b) cancelled, released, and extinguished and without any distribution, in each case, at the Company's election with the consent of the Required Consenting Creditors.  Accordingly, Holders of Claims in Class 7 are conclusively deemed to have either accepted or rejected the Plan and are not entitled to vote.

6.        ***Confirmation Hearing.***  A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on **May 12, 2022 at 12:30 p.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United

---

[2]        The Claims in Class 5 are impaired because they will not receive payment in full on account of the Claims at the time that payment is currently due, in accordance with the existing obligations.  However, with the application of a market rate of interest, these recoveries are in any event likely less than 100% on a time value basis.

[3]        The Claims in Class 6 are impaired because they will not receive payment in full on account of the Claims at the time that payment is currently due, in accordance with the existing obligations.  However, with the application of a market rate of interest, these recoveries are in any event likely less than 100% on a time value basis.

States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801. The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing. If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

***Deadline for Objections to Confirmation of the Plan.*** Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on May 5, 2022**: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza New York, NY 10006 (Attn: Richard J. Cooper (rcooper@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com), and Jack Massey (jamassey@cgsh.com)) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher (sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com)); (ii) counsel to the Committee: Dentons US LLP, 1900 K. Street, NW, Washington, DC 20006 (Attn: Sam J. Alberts (sam.alberts@dentons.com) and Lynn P. Harrison III (lynn.harrisoniii@dentons.com)); Dentons Bingham Greenbaum LLP, 3500 PNC Tower, 101 South Fifth Street, Louisville, KY 40202 (Attn: James R. Irving (james.irving@dentons.com)); Dentons Larrain Rencort SpA, Av. Apoquindo 3885, Piso 18, Las Condes, Santiago, Chile (Attn: Carlos Urzúa (carlos.urzua@dentons.com) and Gonzalo Varela (gonzalo.varela@dentons.com)); Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE 19801 (Attn: Jennifer R. Hoover (jhoover@beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com) and John C. Gentile (JGentile@beneschlaw.com)); (iii) the U.S. Trustee: The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov)); (iv) counsel to the prepetition secured term lenders and swap counterparties: Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com) and Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com)); 799 9th Street NW, Suite 1000, Washington, DC 20001 (Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com)); and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com)); (v) counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com) and R. Jason Russell (jrussell@morrisnichols.com)); (vi) counsel to Strabag: Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield, MI 48075 (Attn: Robert S. Hertzberg (Robert.Hertzberg@Troutman.com) and Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com)), and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801 (Attn: David M. Fournier (david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com)); and (vii) counsel to Cerberus: Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian Resnick (brian.resnick@davispolk.com), Elliot Moskowitz (elliot.moskowitz@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com)); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com).

7.    ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN***. *ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN,*

29240248.3

*INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

8.       *The release in Section 9.3(c) of the Plan (the "Claim Holder Release") binds the "Releasing Parties," which the Plan defines to mean, collectively, and in each case in its capacity as such: (a) Norgener Renovables S.p.A.; (b) AES Andes; (c) Strabag, in its capacity as shareholder and subordinated lender; (d) the DIP Agent and each DIP Lender; (e) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (f) each Consenting Creditor; (g) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (h) all holders of Claims or Interests that are deemed to accept the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (j) each current and former Affiliate of each Entity in clause (a) through (i), and (k) each Related Party of each Entity in clause (a) through (j).*

*The Claim Holder Release provides:*

>              *"<u>Releases by Holders of Claims and Interests</u>.  "As of the Effective Date, to the fullest extent permissible under applicable law, each of the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor and each other Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative Claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, each other Releasing Party or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-Court Restructuring efforts, intercompany transactions, entry into the Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility Documents, the New and A&R Obligations Documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising from any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."*

9.       *Additionally, Article IX of the Plan contains certain provisions regarding exculpation and injunctions.  All parties are advised to read Article IX of the Plan carefully and consult with their*

*own advisors with respect thereto.  The text of the relevant provisions of Article IX of the Plan are as follows:*

> *Section 9.5. Injunction. The satisfaction, release and discharge pursuant to this Article IX of the Plan  shall also act as an injunction against any entity bound by such provision against commencing or continuing any action employment of process or act to collect, offset, or recover any claim or cause of action satisfied, released, or discharged under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including without limitation, to the extent provided for or authorized by Sections 524 and 1141 thereof.*

> *Section 9.4.  Exculpation and Limitation of Liability.*

> *(a) Upon and effective as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring consultants and other professional advisors and agents shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including Section 1125(e) of the Bankruptcy Code.*

> *(b) Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or related documents, the exculpated parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or relating to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release or other agreement or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that the foregoing "exculpation" shall have no effect on the liability of any entity that from any such act or omission that is determined in a final order to have constituted fraud, gross negligence, or willful misconduct; provided further that to the extent permitted by applicable law each exculpated party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement; provided further that the foregoing shall not apply to any express contractual or financial obligations or any right or obligation or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, or to any right to enforce the Plan and Confirmation Order.*

> *(c) The exculpated Parties have, and upon confirmation, shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with regard to the distributions of New Common Equity pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violations of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to Plan.*

*Copies of Documents.*  Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before April 27, 2022), and the Disclosure Statement Order are, or will be, available for review free of charge at https://cases.primeclerk.com/altomaipo/.  In addition, copies of the Plan are available upon written request to the Debtors' Voting Agent:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing or via telephone at: (844) 216-8745 (toll free in the U.S.) or (646) 795-6960 (international).

Dated:  [•], 2022
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Fax:          (302) 571-1253
Email:        pmorgan@ycst.com
              sgreecher@ycst.com
              afaris@ycst.com

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Jack Massey (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:    (212) 225-2000
Fax:          (212) 225-3999
Email:        rcooper@cgsh.com
              lbarefoot@cgsh.com
              jamassey@cgsh.com

*Counsel to the Debtors and Debtors in Possession*

29240248.3

## **EXHIBIT 3**

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
|  | (Jointly Administered) |
| Debtors. |  |

**NOTICE OF NON-VOTING STATUS
TO HOLDERS OF CLASSES 2, 3, 4, 7 & 8 CLAIMS AND INTERESTS**

      **PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") submitted the *Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delaware LLC* (as amended, modified or supplemented from time to time, the "Plan"),[2] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delaware LLC*, dated as of [•] (D.I. [•], the "Disclosure Statement"), that was approved by an order (D.I. [•], the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court").  The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Classes (as defined in the Disclosure Statement Order).  Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

      **YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN, OR OF CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN, THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN.  THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN FOR PURPOSES OF PLAN VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| Class 1 | Alto Maipo Senior Secured Obligations | Impaired |
| Class 2 | Secured Claims | Unimpaired / Deemed to Accept |
| Class 3 | Priority Claims | Unimpaired / Deemed to Accept |
| Class 4 | General Unsecured Claims | Unimpaired / Deemed to Accept |
| Class 5 | DIP Claims | Impaired |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]     All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

| Class | Claim or Interest | Summary of Treatment |
|-------|-------------------|----------------------|
| Class 6 | Strabag's Other Claims | Impaired |
| Class 7 | Intercompany Claims | Unimpaired / Deemed to Accept OR Impaired / Deemed to Reject |
| Class 8 | Existing Equity Interests | Impaired – Deemed to Reject |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 2, 3, 4, AND 7 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS OR INTERESTS IN CLASS 8 IS IMPAIRED UNDER THE PLAN AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

***ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.***

**PURSUANT TO SECTION 9.3(c) OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 2, 3, 4, AND 7 UNDER THE PLAN THAT EITHER DO NOT OPT IN TO THE RELEASES AS PROVIDED IN THE OPT IN FORM ATTACHED HERETO AS APPLICABLE, OR DO NOT FILE AN OBJECTION TO THE RELEASES IN SECTION 9.3(c) OF THE PLAN PRIOR TO THE DEADLINE TO OBJECT TO CONFIRMATION OF THE PLAN WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN SECTION 9.3(c) OF THE PLAN.**

*The release in Section 9.3(c) of the Plan (the "Claim Holder Release") binds the "Releasing Parties," which the Plan defines to mean, collectively, and in each case in its capacity as such: (a) Norgener Renovables S.p.A.; (b) AES Andes; (c) Strabag, in its capacity as shareholder and subordinated lender; (d) the DIP Agent and each DIP Lender; (e) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (f) each Consenting Creditor; (g) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (h) all holders of Claims or Interests that are deemed to accept the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (j) each current and former Affiliate of each Entity in clause (a) through (i), and (k) each Related Party of each Entity in clause (a) through (j).*

**The Claim Holder Release provides:**

*"**Releases by Holders of Claims and Interests.**  "As of the Effective Date, to the fullest extent permissible under applicable law, each of the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, Reorganized Debtor and each other Released Party from any and all Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative Claims, asserted or assertable on behalf of any of the Debtors, the Reorganized Debtors, each other Releasing Party or their Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-Court Restructuring efforts, intercompany transactions, entry into the  Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility Documents, the New and A&R Obligations Documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising from any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."*

Objections, if any, to confirmation of the Plan, including the releases provided for in Section 9.3(c) of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on May 5, 2022**: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza New York, NY 10006 (Attn: Richard J. Cooper (rcooper@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com), and Jack Massey (jamassey@cgsh.com)) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher (sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com)); (ii) counsel to the Committee: Dentons US LLP,  1900 K. Street, NW, Washington, DC 20006 (Attn: Sam J. Alberts (sam.alberts@dentons.com) and Lynn P. Harrison III (lynn.harrisoniii@dentons.com)); Dentons Bingham Greenbaum LLP,  3500 PNC Tower, 101 South Fifth Street, Louisville, KY 40202 (Attn: James R. Irving (james.irving@dentons.com)); Dentons Larraín Rencort SpA, Av. Apoquindo 3885, Piso 18, Las Condes, Santiago, Chile (Attn: Carlos Urzúa (carlos.urzua@dentons.com) and Gonzalo Varela (gonzalo.varela@dentons.com)); Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE 19801 (Attn: Jennifer R. Hoover (jhoover@Beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com) and John C. Gentile (JGentile@beneschlaw.com)); (iii) the U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov)); (iv) counsel to the prepetition secured term lenders and swap counterparties: Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com) and Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com)); 799 9th Street NW, Suite 1000, Washington, DC 20001 (Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com)); and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com)); (v) counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell

LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com) and R. Jason Russell (jrussell@morrisnichols.com)); (vi) counsel to Strabag: Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield, MI 48075 (Attn: Robert S. Hertzberg (Robert.Hertzberg@Troutman.com) and Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com)), and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801 (Attn: David M. Fournier (david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com)); and (vii) counsel to Cerberus:  Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian Resnick (brian.resnick@davispolk.com), Elliot Moskowitz (elliot.moskowitz@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com)); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com)).

Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before April 27, 2022), and the Disclosure Statement Order are, or will be, available for review free of charge at https://cases.primeclerk.com/altomaipo/, by clicking on the link on the left-hand side of the page titled "Plan & Disclosure Statement."  In addition, copies of the Plan are available upon written request:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Copies of the Plan are also available by submitting an inquiry to the Voting Agent via email at altomaipoballots@primeclerk.com, or by contacting the Voting Agent via telephone at (844) 216-8745 (toll free in the U.S.) or (646) 795-6960 (international).

| | |
|---|---|
| Dated:   [•], 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

*/s/ Draft*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 571-6600
Fax:              (302) 571-1253
Email:            pmorgan@ycst.com
                      sgreecher@ycst.com
                      afaris@ycst.com
- and -
CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Jack Massey (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006

Telephone:     (212) 225-2000
Fax:            (212) 225-3999
Email:         rcooper@cgsh.com
                lbarefoot@cgsh.com
                jamassey@cgsh.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Opt-In Form for Holders of Claims in Non-Voting Classes**

**OPTIONAL: RELEASE OPT-IN FORM**

You are receiving this opt in form (the "Opt-In Form") because you are a Holder of a Claim that is not entitled to vote on the *Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delaware LLC* (as amended, modified, or supplemented from time to time, the "Plan"). You may choose to opt in to the releases set forth in Section 9.3(c) of the Plan.

**Item 1.** **Important information regarding the Claim Holder Releases.**

**PLEASE TAKE NOTICE** that you may check the box below to opt in to the release provisions contained in Section 9.3(c) of the Plan and set forth below.

**IF YOU OPT INTO THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW AND SUBMITTING THIS OPT-IN FORM, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, AMONG OTHER THINGS, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.**



The Holder of the Claim in the Non-Voting Class identified below elects to:

☐ **OPT IN to the Claim Holder Release set forth in Section 9.3(c) of the Plan**

To provide additional information regarding the Claim Holder Release and other significant provisions of the Plan, the following sections of the Plan have been copied immediately below: Section 1.1 (definition of Released Parties), Section 1.1 (definition of Releasing Parties), and Section 9.3(c) (Releases by Holders of Claims and Interests).[10] To the extent of any discrepancy between the following and the corresponding sections in the Plan, including any modifications or amendments thereto, the sections in the Plan control. Please carefully review the following:

(a) Section 1.1. of the Plan defines "Released Parties" as:

**"*Released Parties*" means (a) the Company; (b) the Reorganized Company, and each direct or indirect subsidiary of the Company or Reorganized Company; (c) Norgener Renovables S.p.A.; (d) AES Andes; (e) Strabag, in its capacity as shareholder and subordinated lender; (f) the DIP Agent and, if separate, the DIP Lender; (g) the Administrative Agent and the Collateral Agents (in each case, as defined in the Common Terms Agreement); (h) each Consenting Creditor; (i) each current and former Affiliate of each Entity in clause (a) through (h); and (j) each Related Party of each Entity in clause (a) through (i). For the avoidance of doubt, no claims or causes of action of either of the Debtors against (x) Constructora Nuevo Maipo S.A., (y) Hochtief Solutions AG, or (z) Cooperativa Muratori & Cementisti – C.M.C. di Ravenna, nor any of the respective Affiliates of each entity listed in clauses (x) through (z), shall be released pursuant to this Plan.**

(b) Section 1.1 of the Plan defines "Releasing Parties" as:

**"*Releasing Parties*" means (a) Norgener Renovables S.p.A.; (b) AES Andes; (c) Strabag, in its capacity as shareholder and subordinated lender; (d) the DIP Agent and each DIP Lender; (e) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (f) each Consenting Creditor; (g) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (h) all Holders of Claims or Interests that are deemed to accept the Plan and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible**

---

[10]Section IX.D of the Plan sets forth the "Releases by the Debtor," which provides for a release of each Released Party by the Debtor and its Estate.

to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (j) each current and former Affiliate of each Entity in clause (a) through (i), and (k) each Related Party of each Entity in clause (a) through (j).

(c) Section 9.3(c) of the Plan provides the following Third Party Release in regard to "Releases by Holders of Claims and Interests":

**"<u>Releases by Holders of Claims</u>." "As of the Effective Date, to the fullest extent permissible under applicable law, each of the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, reorganized Debtor and each other released party from any and all claims, interests, obligation, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the reorganized Debtors, each other releasing party or their estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any released party, the Debtor and any released party, the Debtors' in- or out-of-Court restructuring efforts, intercompany transactions, entry into the Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility documents, the New and A&R Obligations documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising from any act or omission of a released party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."**

**Item 2.  Certifications**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     as of the Voting Record Date, either:  (i) the Entity is the Holder of a Claim; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of the Claim;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)     the Entity has submitted the same respective election concerning the releases with respect to all Claims; and

(d)     no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claim and Interests, then any such earlier Opt-In Forms are hereby revoked.

|  |  |
|---|---|
| Name of Holder: | _____ |
| Social Security Number or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory (If other than a Holder): | _____ |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| E-mail Address: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS NOTICE OF NON-VOTING STATUS AND OPT-IN FORM AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY BY ONLY ONE OF THE FOLLOWING METHODS:**

<u>**If Submitting Your Opt-In Form through the E-Balloting Portal**</u>

**The Voting Agent will accept Opt-In Forms if properly completed through the eBallot Portal. To submit your Opt-In Form via the eBallot Portal, visit https://cases.primeclerk.com/altomaipo and click on the "E-Ballot" section of the website. Follow the instructions to submit your Opt-In Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-In Form:**

**Unique eBallot ID#:_____**

**Opt-In Forms may also be submitted to the Voting Agent by email at: altomaipoinfo@primeclerk.com.**

<u>**Via First Class Mail, Overnight Courier, or Hand Delivery:**</u>

**Alto Maipo Ballot Processing**
**C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**Parties that submit their Opt-In Form via E-Ballot or e-mail should NOT also submit a paper Opt-In Form.**

## EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| | (Jointly Administered) |
| Debtors. | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING**
**SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE**
**RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND**
**PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE**
**FORM OF THE BALLOT AND ESTABLISHING PROCEDURES FOR VOTING,**
**AND (D) APPROVING PROCEDURES FOR VOTE TABULATION;**
**(III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE**
**AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order,

pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules

2002, 3003, 3017, 3018, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the

*Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto*

*Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. ~~314~~436) (as approved

by this Order, the "Disclosure Statement"), (ii) approving solicitation and voting procedures with

respect to the *Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto Maipo*

*Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code*  (D.I. ~~313~~435) (as amended,

revised, modified or supplemented from time to time, the "Plan"), including (a) fixing the Record

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]    Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

Date, (b) approving the Solicitation Packages and procedures for distribution, (c) approving the form of the Ballot and establishing procedures for voting, and (d) approving procedures for vote tabulation, (iii) scheduling a confirmation hearing and establishing notice and objection procedures, and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion, the papers in support thereof, and ~~the responses thereto~~objections filed by the United States Trustee for Region 3 (the "U.S. Trustee") (D.I. 427) (the "UST Objection"), and the Official Committee of Unsecured Creditors (the "Committee") (D.I. 430) (the "Committee Objection," and together with the UST Objection, ~~if any~~the "Objections"); and the revisions to the Disclosure Statement and the Plan having addressed such Objections; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A. The notice of the Motion and the Disclosure Statement Hearing Notice were properly served as set forth in the Motion, and such notice constitutes good and sufficient notice

to all interested parties ~~complies~~ in compliance with Bankruptcy Rules 2002 and 3017 and no other or further notice need be provided.

B.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.      The form of the ballot (the "Ballot") for Classes 1, 5, and 6 (the "Voting Classes"), attached hereto as **Exhibit 1**, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of these Chapter 11 Cases and is appropriate for the Voting Classes to accept or reject the Plan.

D.      The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

E.      Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, deemed to have accepted, the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore, deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

F.      The period within which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

G.      The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

29240248.3

H.      The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 3**, respectively; the procedures provided in this Order for providing notice to all Creditors, Interest Holders, and parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan; and the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties.

I.      In addition to serving the Confirmation Hearing Notice as provided for herein, the Debtors will cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in either the *New York Times* or the *Wall Street Journal*, and once in *El Mercurio* (Chile), or similar nationally circulated newspapers, as determined by the Debtors in their sole discretion, as soon as reasonably practicable.  The publication of the Confirmation Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**, as set forth herein.  To the extent not addressed by the revisions to the Plan and Disclosure Statement, the Objections are overruled.

2.      The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue Confirmation of, the Plan.

3.      The Disclosure Statement Hearing Notice is approved.

4.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the

injunction, exculpation and release provisions in Article IX of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.      The Plan Supplement shall be filed and served no later than **April 27, 2022**.

6.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

7.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, Holders of Claims and Interests.

8.      The Ballot, substantially in the form attached hereto as **Exhibit 1** is approved.

9.      The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

10.     The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 3**, is approved.

11.     The Record Date with respect to Holders of Claims shall be **April 5, 2022**.  The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to

accept or reject the Plan as the Holder of a Claim.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

12.    Within ~~two~~ one (~~2~~1) ~~days of the~~ business day after entry of this Order (the "Solicitation Date"), the Debtors shall distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

    a.    the Disclosure Statement, including the Plan and all other Exhibits annexed thereto;

    b.    the Disclosure Statement Order (excluding exhibits);

    c.    a Ballot and the Voting Instructions;

    d.    a pre-addressed, postage pre-paid return envelope; and

    e.    the Confirmation Hearing Notice.

13.    The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan), and the Disclosure Statement Order to the Voting Classes in flash drive format in lieu of paper format. The Confirmation Hearing Notice, Ballots and return envelopes contained in the Solicitation Packages shall be provided in paper format.

14.    The Debtors are authorized (but not required) to distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Confirmation Hearing Notice; and (ii) the Notice of

Non-Voting Status, provided, however, that on the Solicitation Date, the Debtors shall cause the Voting Agent to serve the Confirmation Notice on Holders of Claims in Classes 1, 5 and 6. Nothing herein shall be interpreted as requiring the Debtors to distribute Notices of Non-Voting Packages to Holders of Class 7 Intercompany Claims.

15.     On or before the Solicitation Date, the Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to: (i) all known creditors, (ii) known Interest Holders, (iii) counsel to the Committee, (iv) the U.S. Trustee, and (v) parties requesting notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

16.     Parties that wish to opt in to the Third Party Releases provided in the Plan shall make such an election by checking the box in Item 3 on the Ballot, or by completing the form attached to the Notice of Non-Voting Status as Exhibit A, as applicable, and deliver it to the Voting Agent on or before the Voting Deadline.

17.     4.The Debtors shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in either the *New York Times* or the *Wall Street Journal*, and once in *El Mercurio* (Chile), or similar nationally circulated newspapers, as determined by the Debtors in their sole discretion, on or before five (5) business days of the entry of the Disclosure Statement Order (or as soon as reasonably practicable thereafter).

18.     5.With respect to addresses from which the Disclosure Statement Hearing Notice was returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses as to which a further reasonable search has failed to disclose an accurate alternate address unless the Debtors are provided with accurate addresses for

such entities before the Voting Deadline.  Failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

19.     6.The deadline by which all Ballots must be properly executed, completed, and actually received by the Voting Agent shall be **May 45, 2022 at 4:00 5:00 p.m. (ET)** (the "Voting Deadline"); *provided*, *however*, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require.

20.     7.Ballots will be accepted in paper form or by electronic submission through the eBallot Portal, by delivering the Ballot by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address, or by following the online voting instructions included with the Ballot, as applicable:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal, which can be accessed under the "Submit E-Ballot" link on the left-hand navigation panel at https://cases.primeclerk.com/altomaipo/ (the "eBallot Portal") by no later than the Voting Deadline.  The Voting Agent's eBallot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.  Ballots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.  The

encrypted data and audit trail created by such electronic transmission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. For the avoidance of doubt, the Debtors request that Ballots submitted via the eBallot Portal be deemed to contain an original signature.

21.    ~~8.~~Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a.    The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b.    The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, timely filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by April ~~5~~6, 2022 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c.    A Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed and served by April ~~5~~6, 2022  shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

d.      With respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed and served by April 56, 2022, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes, unless the affected holder of such Claim files and serves a motion pursuant to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion") by no later than April 1819, 2022, in which case the provisions of subsection (f) hereof shall control.

e.      Notwithstanding subsection (d) hereof, if the Debtors have requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding to such Claim filed and served on or before April 56, 2022, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, unless the affected holder of such Claim files and serve a Rule 3018(a) Motion by no later than April 1819, 2022, in which case the provision of subsection (f) hereof shall control.

f.      Any holder of a Claim that is the subject of a claim objection filed and served on or before April 56, 2022 who wishes to contest such objection solely for the purposes of voting on the Plan must file and serve a Rule 3018(a) Motion by no later than April 1819, 2022, and any objections to such motion shall be filed no later than May 23, 2022.  Any holder of a Claim who files a Rule 3018(a) Motion by April 1819, 2022 shall be provided with a Ballot by the Voting Agent, and shall be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then unless otherwise agreed by the parties, at the Confirmation Hearing the Court will determine whether the provisional vote should be counted as a vote on the Plan.

g.      Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Class against the Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Class against the Debtors.

22.      9. The amount of Alto Maipo Senior Secured Obligations and DIP Claims for voting purposes only shall be established by reference to the list of record holders maintained by the applicable agent, dated as of the Record Date, which shall reflect all outstanding amounts, including principal, fees and interest, of the applicable positions held by such registered holders as of the Record Date, as evidenced by the applicable records provided by the applicable agent to the

Debtors or the Voting Agent, which records shall be provided no later than one Business Day following the Record Date.

23.    10.The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors in each Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; provided, however, that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.    Creditors with multiple Claims within each Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within such Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan within the Voting Class will not be counted.

c.    If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

d.    The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot or a Ballot is electronically received via the eBallot Portal.

e.    Any party who has previously submitted a properly completed Ballot to the Voting Agent prior to the Voting Deadline may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any previously received Ballot.

29240248.3

f.      If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

g.      Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the claim or schedule number associated with such Ballot, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

h.      If the Debtors or the Voting Agent determine, in their discretion after reasonable review, that a creditor has filed duplicative Proofs of Claim against the same Debtor, only the last filed Proof of Claim will be used for the purposes of vote tabulation regardless of whether the Debtors have objected to such duplicative claim.

i.      If a Proof of Claim has been amended by a later filed Proof of Claim, the later filed amended claim shall be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed claim should be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

24.    11.The following types of Ballots will not be counted in determining whether the

Plan has been accepted or rejected:

a.      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b.      Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors have granted an extension of the Voting Deadline with respect to such Ballot;

c.      Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

e.      Any Ballot cast by an Entity that does not hold a Claim in the Voting Class;

     f.     Any unsigned Ballot or Ballot without an original signature; and

     g.     Any Ballot submitted by fax, email or form of electronic transmission, other than via the eBallot Portal, unless approved by the Debtors in writing or otherwise ordered by the Court.

25.    12.The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the effective date of the Plan, at which time the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

26.    13.The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determine.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

27.    14.On or before **May 9, 2022 at 4:00 p.m. (ET)**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the

votes cast to accept or reject the Plan. The Voting Report shall, among other things, (a) describe generally every Ballot received by the Voting Agent that did not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed), illegible, ~~unidentifiable,~~ unidentifiable, lacking signature, lacking necessary information or damages; (b) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (c) specify any Ballots that were withdrawn; and that were excluded from the final vote tabulation.

28.    ~~15.~~ The Confirmation Hearing will be held on **May 12, 2022 at 10:00 a.m. (ET)**; *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

29.    ~~16.~~ Objections to confirmation of the Plan (a "Plan Objection"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **May 4~~5~~, 2022 at 4:00 p.m. (ET)** by the following (the "Notice Parties"):

    a.    Counsel to the Debtors: (i) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza New York, NY 10006 (Attn: Richard J. Cooper (rcooper@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com), and Jack Massey (jamassey@cgsh.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher (sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com));

    b.    Counsel to the Committee: (i) Dentons US LLP, 1900 K. Street, NW, Washington, DC 20006 (Attn: Sam J. Alberts (sam.alberts@dentons.com) and Lynn P. Harrison III (lynn.harrisoniii@dentons.com)); (ii) Dentons Bingham Greenbaum LLP, 3500 PNC Tower, 101 South Fifth Street, Louisville, KY 40202 (Attn: James R. Irving

(james.irving@dentons.com)); (iii) Dentons Larrain Rencort SpA, Av. Apoquindo 3885, Piso 18, Las Condes, Santiago, Chile (Attn: Carlos Urzúa (carlos.urzua@dentons.com) and Gonzalo Varela (gonzalo.varela@dentons.com)); (iv) Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE 19801 (Attn: Jenifer R. Hoover (jhoover@Beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com) and John C. Gentile (JGentile@beneschlaw.com));

c.     The U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov));

d.     Counsel to the prepetition secured term lenders and swap counterparties: Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com) and Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com)); 799 9th Street NW, Suite 1000, Washington, DC 20001 (Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com)); and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com))

e.     Counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com) and R. Jason Russell (jrussell@morrisnichols.com));

f.     Counsel to Strabag: Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield, MI 48075 (Attn: Robert S. Hertzberg (Robert.Hertzberg@Troutman.com) and Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com)), and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801 (Attn: David M. Fournier (david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com)); and

g.     Counsel to Cerberus:  Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian Resnick (brian.resnick@davispolk.com), Elliot Moskowitz (elliot.moskowitz@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com)); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com)).

30.    ~~17.~~The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection (or any other pleading in support of confirmation of the Plan) on or before **May 9, 2022 at 4:00 p.m. (ET)**.

31.    ~~18.~~The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

32.    ~~19.~~The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, and the Notice of Non-Voting Status and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

33.    ~~20.~~Attached hereto as Annex I is a timetable of the significant dates related to solicitation and confirmation of the Plan.

34.    ~~21.~~This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

**ANNEX I**

| Dates and Deadlines in Connection with Confirmation ||
|---|---|
| Disclosure Statement Hearing | April ~~5~~6, 2022 at ~~11:00 a.m~~12:30 p.m. (ET) |
| Record Date | April 5, 2022 |
| Solicitation Date | Within ~~two~~ one (~~2~~1) ~~days after entry~~ business day of the Disclosure Statement Order |
| Deadline to File Claims Objections for Plan Voting Purposes | April ~~5~~6, 2022 |
| Deadline to File Rule 3018(a) Motions | April ~~18~~19, 2022 |
| Deadline to File Plan Supplement | April 27, 2022 |
| Deadline to Object to Rule 3018(a) Motions | May ~~2~~3, 2022 |
| Voting Deadline | May ~~4~~5, 2022 at 5:00 p.m. (ET) |
| Confirmation Objection Deadline | May ~~4~~5, 2022 at 4:00 p.m. (ET) |
| Deadline for Voting Agent to File Plan Voting Report | May 9, 2022 at 4:00 p.m. (ET) |
| Deadline to Reply to Plan Objections | May 9, 2022 at 4:00 p.m. (ET) |
| Confirmation Hearing | May 12, 2022 at 10:00 a.m. (ET) |

**EXHIBIT 1**

**Form of Ballot for Classes 1, 5 and 6**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| | (Jointly Administered) |
| Debtors. | |

**BALLOT FOR CLAIMS IN CLASSES 1, 5 AND 6
FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN
OF ALTO MAIPO SPA AND ALTO MAIPO DELAWARE LLC**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
> VOTING AGENT BY [•] MAY 5, 2022 AT 5:00 P.M. (ET)**

> **IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO
> NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL
> RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN SECTION 9.3(c) OF
> THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 3 BELOW TO "OPT OUT IN" OF
> SUCH RELEASE**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delware LLC* (as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") that was approved by an order (D.I. [•], the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge on the webpage of Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC—) (the "Voting Agent") at https://cases.primeclerk.com/altomaipo/. Copies of the Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at altomaipoballots@primeclerk.com or by telephone at (844) 216-8745 (toll free in the U.S.) or (646) 795-6960 (international).

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware). The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 1, 5 or 6 under the Plan. If you hold Claims in more than one Class under the Plan, you will only receive a ballot for the Voting Classes in which you are entitled to vote.**

**If your Ballot is not actually received by the Voting Agent on or before [•] May 5, 2022 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**You may submit your Ballot electronically via the eBallot Portal, or in the return envelope provided in your package:**

---

**If by eBallot Portal:**
**Ballots may be submitted via an electronic Ballot through the Voting Agent's on-line electronic**
**Ballot submission portal at https://cases.primeclerk.com/altomaipo (the "eBallot Portal") by no later than the Voting Deadline. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.**
**In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your claim. Please complete and submit an electronic Ballot for each eBallot ID# you receive. eBallots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.**

**If by First Class Mail, Overnight Courier, or Hand Delivery:**

Alto Maipo Ballot Processing
c/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If you submit your vote through the eBallot Portal, you should not return a paper Ballot.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of [•] April 5, 2022 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Classes 1, 5 or 6 Claim against the following Debtor in the aggregate amount set forth below.

Amount of Claim:  $_____

Plan Class: _____

Debtor: _____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Releases**.

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT ~~OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT~~ THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN SECTION 9.3(c) OF THE PLAN, THEREBY COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES ~~FROM~~ TO THE EXTENT PROVIDED IN SECTION 9.3(c) OF THE PLAN~~, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 4 TO "OPT OUT" OF SUCH RELEASE.~~ .**

**IF YOU VOTE TO REJECT THE PLAN OR WISH TO ABSTAIN FROM VOTING AND YOU WISH TO RELEASE CLAIMS YOU MAY HAVE AGAINST THE RELEASE PARTIES, YOU MAY CHECK THE BOX BELOW TO OPT INTO THE RELEASES; HOWEVER, YOU ARE NOT REQUIRED TO DO SO.**

☐    **The undersigned Claimant elects ~~not~~ to grant (and therefore OPTS ~~OUT of~~INTO) the releases set forth in Section 9.3(c) of the Plan.[2]**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article IX of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Section 9.3(c) of the Plan provide:

"*Releases by Holders of Claims and Interests*.  "*As of the Effective Date, to the fullest extent permissible under applicable law, each of the ~~releasing parties~~ Releasing Parties (regardless of whether a ~~releasing party is a released party~~Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, ~~reorganized~~ Reorganized Debtor and each other ~~released party~~ Released Party from any and all ~~claims~~Claims, interests, ~~obligation~~obligations, rights, suits, damages, ~~causes of action~~Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative ~~claims~~Claims, asserted or assertable on behalf of any of the Debtors, the ~~reorganized~~ Reorganized Debtors, each other ~~releasing party~~ Releasing Party or their ~~estates~~Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale*

---

[2] If you vote to accept the Plan, you are automatically bound by the Third Party Release set forth in Section 9.3(c) of the Plan.

29240248.3

*or rescission of the purchase or sale of any security of the Debtors or the ~~reorganized~~ Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any ~~claim~~ Claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any ~~released party~~ Released Party, ~~the Debtor and any released party,~~ the Debtors' in- or out-of-Court ~~restructuring~~ Restructuring efforts, intercompany transactions, entry into the Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility ~~documents~~ Documents, the New and A&R Obligations ~~documents~~ Documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than ~~claims~~ Claims or liabilities arising from any act or omission of a ~~released party~~ Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan ~~supplement~~ Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."*

The definitions of certain defined terms in the releases in Section 9.3(c) are defined in the Plan as follows:

*__Releasing Parties__ means, collectively, and in each case in its capacity as such: (a) ~~the~~ ~~(b) the Reorganized Company, and each direct or indirect subsidiary of the~~ ~~Company or Reorganized Company; (c)~~ Norgener Renovables S.p.A.; (d~~b~~) AES Andes; (e~~c~~) Strabag, in its capacity as shareholder and subordinated lender; (f~~d~~) the DIP Agent and each DIP Lender; (g~~e~~) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (h~~f~~) each Consenting Creditor; (i~~g~~) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (j~~h~~) all holders of Claims or Interests that are deemed to accept the Plan; ~~(k) all holders of Claims or Interests that are eligible to vote to accept~~ ~~or reject the Plan that abstain from voting on the Plan for all Classes in which they are~~ ~~eligible to vote and who do not__ and who__ affirmatively opt ~~out of__ in to__ the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt ~~not__ in to grant the releases provided in the Plan; (i~~l~~) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who ~~do not__ affirmatively opt ~~out of__ in to__ the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt ~~not__ in to grant the releases provided in the Plan; (m~~j~~) each current and former Affiliate of each Entity in clause (a) through (l~~i~~), and (n~~k~~) each Related Party of each Entity in clause (a) through (m~~j~~).*

*__Released Parties__~~: In__ means, collectively, and in__ each case in its capacity as such: (a) the Company; (b) the Reorganized Company, and each direct or indirect subsidiary of the Company or Reorganized Company; (c) Norgener Renovables S.p.A.; (d) AES Andes; (e) Strabag, in its capacity as shareholder and subordinated lender; (f) the DIP Agent and, if separate, the DIP Lender; (g) the Administrative Agent and the Collateral Agents (in each case, as defined in the Common Terms Agreement); (h) each Consenting Creditor; (i) each current and former Affiliate of each Entity in clause (a) through (h); and (j) each Related Party of each Entity in clause (a) through (i)~~; provided that any__ ~~holder of a Claim or Interest that opts out of the releases shall not be a "Released Party"__ ~~and any Related Party of such person or Entity that opts out of the releases (other than__ ~~the Company and the Reorganized Company) shall also not be a "Released Party."__ . For the avoidance of doubt, no claims or causes of action of either of the Debtors against*

*(x) Constructora Nuevo Maipo S.A., (y) Hochtief Solutions AG, or (z) Cooperativa Muratori & Cementisti – C.M.C. di Ravenna, nor any of the respective Affiliates of each entity listed in clauses (x) through (z), shall be released pursuant to this Plan.*

*Agreement Effective Date: ~~The~~ means the date on which the conditions to the effectiveness of the Restructuring Support Agreement set forth therein have been satisfied or waived by the appropriate Party or Parties in accordance with the Restructuring Support Agreement.*

**Item 4. Select Provisions of the Plan**

**Article 9(~~a.~~3(a) and 9(~~b.~~3(b) of the Plan:** *Releases by the Debtors*

*Releases by the ~~debtors~~Debtors. Pursuant to section 1123(b) of the ~~bankruptcy code~~Bankruptcy Code, and except as otherwise specifically provided in the ~~plan~~Plan, for good and valuable consideration, including the efforts of the ~~released parties~~Released Parties to facilitate the expeditious reorganization of the ~~debtors~~Debtors and the implementation of the ~~restructuring~~Restructuring contemplated by the ~~plan~~Plan, pursuant to the ~~confirmation order~~Confirmation Order, the adequacy of which is hereby confirmed, and on and after the ~~effective date~~Effective Date, each ~~released party~~Released Party shall be deemed forever released and discharged by each and all of the ~~debtors, the reorganized debtors~~Debtors, the Reorganized Debtors, and their ~~estates~~Estates from any and all ~~claims~~Claims, obligations, rights, suits, damages, ~~causes of action~~Causes of Action, remedies, and liabilities whatsoever, including any derivative ~~claims~~Claims, asserted or assertable on behalf of any of the ~~debtors, the reorganized debtors~~Debtors, the Reorganized Debtors, or their ~~estates~~Estates, as applicable, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities ~~laws~~Laws, or otherwise, including, without limitation, those that any of the ~~debtors, the reorganized debtors, the estates or their affiliates~~Debtors, the Reorganized Debtors, the Estates or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any ~~claim~~Claim against, or interest in, a ~~debtor~~Debtor or other entity, based on or relating to, or in any manner arising from, in whole or in part, the ~~debtors~~Debtors, the business operations of the ~~debtors~~Debtors, actions taken by the ~~debtors~~Debtors' ~~board of directors~~Board of Directors, the purchase, sale, or rescission of the purchase or sale of any security of the ~~debtors~~Debtors or the ~~reorganized debtors~~Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the ~~plan~~Plan, the business or contractual arrangements between any ~~debtor~~Debtor and any ~~released party~~Released Party, the ~~debtors~~Debtors' in- or out-of-court restructuring efforts, intercompany transactions (other than any ~~intercompany claims~~Intercompany Claims that have been reinstated as contemplated above), the restructuring, the ~~chapter 11 cases~~Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the ~~plan~~Plan, including the issuance or distribution of securities pursuant to the ~~plan~~Plan, or the distribution of property under the ~~plan~~Plan or any other related agreement, the ~~plan supplement, the disclosure statement, the dip credit facility documents, or the new and a&r obligations documents, other than claims~~Plan Supplement, the Disclosure Statement, the DIP Credit Facility Documents, or the New and A&R Obligations Documents, other than Claims or liabilities arising from any act or omission of a ~~released party~~Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the ~~plan~~Plan or any agreements (including those set forth in the ~~plan supplement~~Plan Supplement) entered into pursuant to, in connection with, or*

contemplated by the ~~plan~~Plan, and any right to enforce the ~~plan and confirmation order~~ Plan and Confirmation Order is not so released.  For the avoidance of doubt, no ~~claims or causes of action~~ Claims or Causes of Action based on, or arising from, any retained ~~causes of action~~ Causes of Action (as set forth in ~~section~~ Section 4.18 herein) shall be released pursuant to this ~~plan~~Plan, including, without limitation, actions based on, or arising from, the ~~cnm arbitration~~CNM Arbitration.

Entry of the ~~confirmation order~~ Confirmation Order shall constitute the ~~bankruptcy court's~~ Bankruptcy Court's approval, pursuant to ~~bankruptcy rule~~ Bankruptcy Rule 9019, of the ~~debtors~~Debtors' release, which includes by reference each of the related provisions and definitions contained in the ~~plan~~Plan, and further, shall constitute the ~~bankruptcy court's~~ Bankruptcy Court's finding that each ~~debtor~~ Debtor release is (1) in exchange for the good and valuable consideration provided by the ~~released parties~~Released Parties; (2) a good-faith settlement and compromise of such ~~claims~~Claims; (3) in the best interests of the ~~debtors~~ Debtors and all ~~holders of claims~~ Holders of Claims and interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the ~~debtors or reorganized  debtors~~ Debtors or Reorganized Debtors or their respective ~~estates~~ Estates asserting any ~~claim~~Claim, ~~cause of action~~Cause of Action, or liability related thereto, of any kind whatsoever, against any of the ~~released parties~~ Released Parties or their property.

**Article 9.4 of the Plan:** *Exculpation and Limitation of Liability*

Upon and effective as of the ~~effective date~~Effective Date, the ~~debtors~~ Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring consultants and other professional advisors and agents shall be deemed to have solicited acceptances of the ~~plan~~ Plan in good faith and in compliance with the applicable provisions of the ~~bankruptcy code~~Bankruptcy Code, including section 1125(e) of the ~~bankruptcy code~~Bankruptcy Code.

Except with respect to any acts or omissions expressly set forth in and preserved by the ~~plan~~Plan, the ~~plan supplement~~Plan Supplement, or related documents, the ~~exculpated parties~~ Exculpated Parties shall neither have, nor incur any liability ~~to any entity~~ for any ~~prepetition or postpetition~~ act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date, in connection with, or related to ~~fordmulating~~formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the ~~plan~~ Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the ~~plan~~ Plan or any other ~~prepetition or postpetition~~ act taken or omitted to be taken in connection with or in contemplation of the ~~restructuring~~ Restructuring of the ~~debtors~~Debtors; provided that the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a final order to have constituted fraud, gross negligence, or willful misconduct; provided further that to the extent permitted by applicable law each ~~exculpated party~~Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the ~~plan~~ Plan or any other related document, instrument, or agreement; provided further that the foregoing shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the ~~plan~~ Plan or any agreements (including those set forth in the ~~plan supplement~~Plan Supplement) entered into pursuant to, in connection with, or contemplated by the ~~plan~~Plan, or to any right to enforce the ~~plan and confirmation order..~~Plan and Confirmation Order.

~~The exculpated parties~~ The Exculpated Parties have, and upon confirmation, shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the

*~~bankruptcy code~~Bankruptcy Code, including with regard to the distributions of ~~new common equity~~ New Common Equity pursuant to the ~~plan~~ Plan and, therefore, are not and shall not be liable at any time for the violations of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the ~~plan~~ Plan or such distributions made pursuant to the ~~plan~~Plan.*

**Article 9.5 of the Plan:** *Injunction*

*The satisfaction, release and discharge pursuant to this ~~article~~ Article IX of the Plan shall also act as an injunction against any entity bound by such provision against commencing or continuing any action, employment of process or act to collect, offset, or recover any ~~claim or cause of action~~ Claim or Cause of Action satisfied, released, or discharged under the ~~plan~~Plan or the ~~confirmation order~~ Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.*

*[Remainder of page intentionally left blank]*

29240248.3

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies under penalty of perjury that: (i) on the Record Date, it was the holder of the Class 1, 5 or 6 Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the ~~opt-out~~ opt-in election, and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant:    _____
                                                     (Print or Type)

Name of Claimant
for Holder (if applicable): _____
                                                     (Print or Type)

Signature:          _____

Name of Signatory:  _____
                                                     (Print or Type)

Title:              _____
                                                     (If applicable)

Address:            _____

                    _____

                    _____

Telephone:          (____)_____

Date Completed:     _____

Email:              _____


**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it, with your original signature, by mail, hand delivery or overnight courier so that it is received by the Voting Agent by [•] May 5, 2022 at 5:00 p.m. (ET).**

## VOTING INSTRUCTIONS

1.   In order for your vote to count, you must:

   (i)   In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan by checking the appropriate box; and

   (ii)   Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.   Review the opt out opt-in election disclosure in Item 4, and determine whether to opt out of in to the release provisions provided for in Section 9.3(c) of the Plan by checking the box in Item 3.

3.   **To have your vote counted, you must complete, sign, and return this Ballot so that it is actually received by the Voting Agent not later than [•] May 5, 2022 at 5:00 p.m. (ET).**

4.   If voting **electronically**, submit your Classes 1, 5 or 6 Ballot via the Voting Agent's online portal by visiting https://cases.primeclerk.com/altomaipo.  In order to submit a Ballot through the eBallot Portal, you must use the Unique eBallot ID# assigned to your claim.  Please complete and submit an electronic Ballot for each eBallot ID# you receive.  Each eBallot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  eBallots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.  Creditors who cast a Ballot using the eBallot Portal should NOT also submit a paper Ballot.

5.   If voting by **mail**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

6.   THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE, UNLESS SUBMITTED ELECTRONICALLY.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION, UNLESS VIA THE EBALLOT PORTAL.  A Ballot submitted by fax, email, or electronic transmission, other than via the eBallot Portal, will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

7.   A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.   You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

13.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

14.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING OR VIA (I) TELEPHONE AT: (844) 216-8745 (TOLL FREE IN THE U.S.) or (646) 795-6960 (INTERNATIONAL); OR (II) EMAIL AT ALTOMAIPOINFO@PRIMECLERK.COM.

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**EXHIBIT 2**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[41] | Case No. 21-11507 (KBO) |
| Debtors. | Ref Docket Number: |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOT AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1.     ***Approval of the Disclosure Statement.***  At a hearing held on [•] April 6, 2022 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned chapter 11 cases of Alto Maipo SpA and Alto Maipo Delaware LLC (the "Debtors"), entered an order (D.I. [•], the "Disclosure Statement Order") approving the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. [•]), dated as of [•] (as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. [•]) dated as of [•] (as amended, modified or supplemented from time to time, the "Plan").  Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

2.     ***Classification of Claims and Interests under the Plan.***  The classification and treatment of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| Class 1 | Alto Maipo Senior Secured Obligations | Impaired | [•]60-66.8% |
| Class 2 | Secured Claims | Unimpaired / Deemed to Accept | [•]n/a |
| Class 3 | Priority Claims | Unimpaired / Deemed to Accept | [•]n/a |

---

[41]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|-------|-------------------|----------------------|-------------------------------|
| Class 4 | General Unsecured Claims | ~~Impaired~~ Unimpaired / Deemed to ~~Reject~~ Accept | [•] 100% |
| Class 5 | DIP Claims | Impaired | [•] Up to 100%[2] |
| Class 6 | Strabag's Other Claims | Impaired | [•] Up to 100%[3] |
| Class 7 | Intercompany Claims | Unimpaired / Deemed to Accept OR Impaired / Deemed to Reject | [•] 100% / 0% |
| Class 8 | Existing Equity Interests | Impaired – Deemed to Reject | [•] n/a |

3.     ***Deadline for Voting on the Plan.***  The Court has established [•] **May 5, 2022 at 5:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received.  Only Holders of Claims in Classes 1, 5, and 6 (Alto Maipo Senior Secured Obligations, DIP Claims, and Strabag's Other Claims) under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes.  To be counted, Ballots must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein, or submitted via the eBallot Portal (as defined below), so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors.  Ballots will be accepted in paper form, or submitted electronically, via the eBallot Portal, by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal, which can be accessed under the "Submit E-Ballot" link on the left-hand navigation panel at https://cases.primeclerk.com/altomaipo (the "eBallot Portal") by no later than the Voting Deadline.  The Voting Agent's eBallot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.  Ballots cast by facsimile, e-mail or other electronic transmission, except through the eBallot Portal, will not be counted.

4.     Holders of Unimpaired Claims under the Plan (i.e., Class 2 Allowed Secured Claims, ~~and~~ Class 3 Allowed Priority Claims, and Class 4 General Unsecured Claims) and Classes that are deemed to reject the Plan (i.e., ~~Class 4 General Unsecured Claims and~~ Class 8 Existing Equity Interests) are not entitled to vote on the Plan.

5.     Holders of Allowed Claims in Class 7 (Intercompany Claims) shall have its Claim: (a) Reinstated or (b) cancelled, released, and extinguished without any distribution, in each case, at the Company's election with the consent of the Required Consenting Creditors.  Accordingly, Holders of Claims in Class 7 are conclusively deemed to have either accepted or rejected the Plan and are not entitled to vote.

---

[2]     The Claims in Class 5 are impaired because they will not receive payment in full on account of the Claims at the time that payment is currently due, in accordance with the existing obligations.  However, with the application of a market rate of interest, these recoveries are in any event likely less than 100% on a time value basis.

[3]     The Claims in Class 6 are impaired because they will not receive payment in full on account of the Claims at the time that payment is currently due, in accordance with the existing obligations.  However, with the application of a market rate of interest, these recoveries are in any event likely less than 100% on a time value basis.

29240248.3

6.      ***Confirmation Hearing.***  A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on [•] **May 12, 2022 at 12:30 p.m.** (ET) before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.  If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

***Deadline for Objections to Confirmation of the Plan.***  Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on** [•]**May 5, 2022**: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza New York, NY 10006 (Attn: Richard J. Cooper (rcooper@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com), and Jack Massey), (jmassey@cgsh.com)) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher (sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com)); (ii) counsel to the Committee: Dentons US LLP, 1900 K. Street, NW, Washington, DC 20006 (Attn: Sam J. Alberts (sam.alberts@dentons.com) and Lynn P. Harrison III, (lynn.harrisoniii@dentons.com)); Dentons Bingham Greenbaum LLP, 3500 PNC Tower, 101 South Fifth Street, Louisville, KY 40202 (Attn: James R. Irving (james.irving@dentons.com)); Dentons Larrain Rencoret SpA, Av. Apoquindo 3885, Piso 18, Las Condes, Santiago, Chile (Attn: Carlos Urzúa (carlos.urzua@dentons.com) and Gonzalo Varela (gonzalo.varela@dentons.com)); Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE 19801 (Attn: Jennifer R. Hoover (jhoover@Beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com) and John C. Gentile (JGentile@beneschlaw.com)); (iii) the U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov)); (iv) counsel to the prepetition secured term lenders and swap counterparties: Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com) and Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com)); 799 9th Street NW, Suite 1000, Washington, DC 20001 (Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com)); and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com)); (v) counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com) and R. Jason Russell (jrussell@morrisnichols.com)); (vi) counsel to Strabag: Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield, MI 48075 (Attn: Robert S. Hertzberg (Robert.Hertzberg@Troutman.com) and Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com)), and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801 (Attn: David M. Fournier (david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com)); and (vii) counsel to Cerberus:  Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian Resnick (brian.resnick@davispolk.com), Elliot Moskowitz (elliot.moskowitz@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com)); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com)).

7.     ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN.  ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.***

8.     *The release in Section 9.3(c) of the Plan (the "Claim Holder Release") binds the "Releasing Parties," which the Plan defines ~~as follows: "(a) the Company; (b) the Reorganized Company, and each direct or indirect subsidiary of the Company or Reorganized Company; (c~~to mean, collectively, and in each case in its capacity as such: (a) Norgener Renovables S.p.A.; (d~~b~~) AES Andes; (e~~c~~) Strabag, in its capacity as shareholder and subordinated lender; (f~~d~~) the DIP Agent and each DIP Lender; (g~~e~~) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (h~~f~~) each Consenting Creditor; (i~~g~~) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (j~~h~~) all holders of Claims or Interests that are deemed to accept the Plan~~; (k~~ and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who ~~do not~~ affirmatively opt ~~out of~~ in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt ~~not to grant the releases provided in the Plan; (l) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan for all Classes in which they are eligible to vote and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not~~ in to grant the releases provided in the Plan; (m~~j~~) each current and former Affiliate of each Entity in clause (a) through (l~~i~~), and (n~~k~~) each Related Party of each Entity in clause (a) through ~~(m)."~~j).*

*The Claim Holder Release provides:*

> *"Releases by Holders of Claims and Interests.  "As of the Effective Date, to the fullest extent permissible under applicable law, each of the ~~releasing parties~~ Releasing Parties (regardless of whether a ~~releasing party is a released party~~Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor and each other ~~released party~~ Released Party from any and all ~~claims~~Claims,  interests, ~~obligation~~obligations, rights, suits, damages, ~~causes of action~~Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative ~~claims~~Claims, asserted or assertable on behalf of any of the Debtors, the ~~reorganized~~ Reorganized Debtors, each other ~~releasing party~~ Releasing Party or their ~~estates~~Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the ~~reorganized~~ Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any ~~claim~~ Claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any ~~released party~~Released Party, ~~the Debtor and any released party,~~ the Debtors' in- or out-of-Court ~~restructuring~~ Restructuring efforts, intercompany transactions, entry into the  Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility ~~documents~~Documents, the New and A&R Obligations ~~documents~~Documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than ~~claims~~ Claims or*

29240248.3

*liabilities arising from any act or omission of a ~~released party~~ Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan ~~supplement~~Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."*

9.      *Additionally, Article IX of the Plan contains certain provisions regarding exculpation and injunctions.  All parties are advised to read Article IX of the Plan carefully and consult with their own advisors with respect thereto.  The text of the relevant provisions of Article IX of the Plan are as follows:*

<u>*Section 9.5. Injunction*</u>*. The satisfaction, release and discharge pursuant to this Article IX of the Plan  shall also act as an injunction against any entity bound by such provision against commencing or continuing any action employment of process or act to collect, offset, or recover any claim or cause of action satisfied, released, or discharged under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including without limitation, to the extent provided for or authorized by Sections 524 and 1141 thereof.*

<u>*Section 9.4.  Exculpation and Limitation of Liability.*</u>

*(a) Upon and effective as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring consultants and other professional advisors and agents shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including Section 1125(e) of the Bankruptcy Code.*

*(b) Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or related documents, the exculpated parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or relating to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release or other agreement or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that the foregoing "exculpation" shall have no effect on the liability of any entity that from any such act or omission that is determined in a final order to have constituted fraud, gross negligence, or willful misconduct; provided further that to the extent permitted by applicable law each exculpated party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement; provided further that the foregoing shall not apply to any express contractual or financial obligations or any right or obligation or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, or to any right to enforce the Plan and Confirmation Order.*

*(c) The exculpated Parties have, and upon confirmation, shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with regard to the distributions of New Common Equity pursuant to the Plan and, therefore, are not and shall not be liable at any time for the*

*violations of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to Plan.*

***Copies of Documents.*** Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before [•]April 27, 2022), and the Disclosure Statement Order are, or will be, available for review free of charge at https://cases.primeclerk.com/altomaipo/. In addition, copies of the Plan are available upon written request to the Debtors' Voting Agent:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing or via telephone at: (844) 216-8745 (toll free in the U.S.) or (646) 795-6960 (international).

| | |
|---|---|
| Dated: [•], 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

*/s/*

Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Fax:               (302) 571-1253
Email:           pmorgan@ycst.com
                      sgreecher@ycst.com
                      afaris@ycst.com

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Jack Massey (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:    (212) 225-2000
Fax:               (212) 225-3999
Email:           rcooper@cgsh.com
                      lbarefoot@cgsh.com
                      jamassey@cgsh.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 3**

## **Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[5] | Case No. 21-11507 (KBO) |
|  | (Jointly Administered) |
| Debtors. |  |

**NOTICE OF NON-VOTING STATUS
TO HOLDERS OF CLASSES ~~2,~~2, 3, 4, 7 & 8 CLAIMS AND INTERESTS**

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (the "Debtors") submitted the *Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delaware LLC* (as amended, modified or supplemented from time to time, the "Plan"),[6] which is described in and attached as Exhibit A to the related *Disclosure Statement for the Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delaware LLC*, dated as of [•] (D.I. [•], the "Disclosure Statement"), that was approved by an order (D.I. [•], the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Classes (as defined in the Disclosure Statement Order). Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN, OR OF CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN, THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN FOR PURPOSES OF PLAN VOTING.**

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| Class 1 | Alto Maipo Senior Secured Obligations | Impaired |
| Class 2 | Secured Claims | Unimpaired / Deemed to Accept |
| Class 3 | Priority Claims | Unimpaired / Deemed to Accept |
| Class 4 | General Unsecured Claims | ~~Impaired~~ Unimpaired / Deemed to ~~Reject~~Accept |

---

[5]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[6]      All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

| Class | Claim or Interest | Summary of Treatment |
|-------|-------------------|----------------------|
| Class 5 | DIP Claims | Impaired |
| Class 6 | Strabag's Other Claims | Impaired |
| Class 7 | Intercompany Claims | Unimpaired / Deemed to Accept OR Impaired / Deemed to Reject |
| Class 8 | Existing Equity Interests | Impaired – Deemed to Reject |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 2, 3, 4, AND 7 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND BANKRUPTCY CODE SECTION 1126(f), ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS OR INTERESTS IN CLASSES 4 AND 8 ARE CLASS 8 IS IMPAIRED UNDER THE PLAN AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

*ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

**PURSUANT TO SECTION 9.3(c) OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 2, 3, 4, AND 7 UNDER THE PLAN THAT EITHER DO NOT OPT IN TO THE RELEASES AS PROVIDED IN THE OPT IN FORM ATTACHED HERETO AS APPLICABLE, OR DO NOT FILE AN OBJECTION TO THE RELEASES IN SECTION 9.3(c) OF THE PLAN PRIOR TO THE DEADLINE TO OBJECT TO CONFIRMATION OF THE PLAN WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN SECTION 9.3(c) OF THE PLAN.**

*The release in Section 9.3(c) of the Plan (the "Claim Holder Release") binds the "Releasing Parties," which the Plan defines as follows: "(a) the Company; (b) the Reorganized Company, and each direct or indirect subsidiary of the Company or Reorganized Company; (c to mean, collectively, and in each case in its capacity as such: (a) Norgener Renovables S.p.A.; (db) AES Andes; (ec) Strabag, in its capacity as shareholder and subordinated lender; (fd) the DIP Agent and each DIP Lender; (ge) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (hf) each Consenting Creditor; (ig) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (jh) all holders of Claims or Interests that are deemed to accept the Plan; (k and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; (l) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to reject the Plan for all Classes in which they are eligible to vote and who do not affirmatively opt out of affirmatively opt in to the releases provided by the Plan by checking the box on*

*the applicable ballot indicating that they opt ~~not~~ in to grant the releases provided in the Plan; (~~m~~j) each current and former Affiliate of each Entity in clause (a) through (~~li~~i), and (~~n~~k) each Related Party of each Entity in clause (a) through (~~m).~~"j).*

**The Claim Holder Release provides:**

"*Releases by Holders of Claims and Interests.  "As of the Effective Date, to the fullest extent permissible under applicable law, each of the ~~releasing parties~~ Releasing Parties (regardless of whether a ~~releasing party is a released party~~ Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, ~~reorganized~~ Reorganized Debtor and each other ~~released party~~ Released Party from any and all ~~claims~~ Claims, interests, ~~obligation~~ obligations, rights, suits, damages, ~~causes of action~~ Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative ~~claims~~ Claims, asserted or assertable on behalf of any of the Debtors, the ~~reorganized~~ Reorganized Debtors, each other ~~releasing party~~ Releasing Party or their ~~estates~~ Estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the ~~reorganized~~ Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any ~~claim~~ Claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any ~~released party~~ Released Party, ~~the Debtor and any released party,~~ the Debtors' in- or out-of-Court ~~restructuring~~ Restructuring efforts, intercompany transactions, entry into the  Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility ~~documents~~ Documents, the New and A&R Obligations ~~documents~~ Documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than ~~claims~~ Claims or liabilities arising from any act or omission of a ~~released party~~ Released Party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan ~~supplement~~ Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released.*"

Objections, if any, to confirmation of the Plan, including the releases provided for in Section 9.3(c) of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on** ~~[•]~~ May 5, 2022: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza New York, NY 10006 (Attn: Richard J. Cooper (rcooper@cgsh.com), Luke A. Barefoot~~,~~ (lbarefoot@cgsh.com), and Jack Massey~~),~~ (jamassey@cgsh.com)) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com), Sean T. Greecher (sgreecher@ycst.com) and S. Alexander Faris (afaris@ycst.com)); (ii) counsel to the Committee: Dentons US LLP,  1900 K. Street, NW, Washington, DC 20006 (Attn: Sam J. Alberts (sam.alberts@dentons.com) and Lynn P. Harrison III~~,~~ (lynn.harrisoniii@dentons.com)); Dentons Bingham Greenbaum LLP,  3500 PNC Tower, 101 South Fifth Street, Louisville, KY 40202 (Attn: James R. Irving (james.irving@dentons.com)); Dentons Larrain Rencort SpA, Av. Apoquindo 3885, Piso 18, Las Condes, Santiago, Chile (Attn: Carlos Urzúa  (carlos.urzua@dentons.com) and Gonzalo Varela (gonzalo.varela@dentons.com)); Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street,

Suite 1201, Wilmington, DE 19801 (Attn: Jennifer R. Hoover (jhoover@Beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com) and John C. Gentile (JGentile@beneschlaw.com)); (iii) the U.S. Trustee:  The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy (Jane.M.Leamy@usdoj.gov)); (iv) counsel to the prepetition secured term lenders and swap counterparties: Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Christy Rivera (christy.rivera@nortonrosefulbright.com) and Andrew Rosenblatt (andrew.rosenblatt@nortonrosefulbright.com)); 799 9th Street NW, Suite 1000, Washington, DC 20001 (Attn: Marissa Alcala (marissa.alcala@nortonrosefulbright.com)); and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com)); (v) counsel to the DIP Lender, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St. #1600, Wilmington, DE, 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com), Curtis S. Miller (cmiller@morrisnichols.com) and R. Jason Russell (jrussell@morrisnichols.com)); (vi) counsel to Strabag: Troutman Pepper Hamilton Sanders LLP, 4000 Town Center, Suite 1800, Southfield, MI 48075 (Attn: Robert S. Hertzberg (Robert.Hertzberg@Troutman.com) and Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com)), and Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE, 19801 (Attn: David M. Fournier (david.fournier@troutman.com) and Marcy McLaughlin Smith (marcy.smith@troutman.com)); and (vii) counsel to Cerberus:  Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian Resnick (brian.resnick@davispolk.com), Elliot Moskowitz (elliot.moskowitz@davispolk.com) and Richard J. Steinberg (richard.steinberg@davispolk.com)); and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com)).

Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before [•]April 27, 2022), and the Disclosure Statement Order are, or will be, available for review free of charge at https://cases.primeclerk.com/altomaipo/, by clicking on the link on the left-hand side of the page titled "Plan & Disclosure Statement."  In addition, copies of the Plan are available upon written request:

**Via First Class Mail, Overnight Courier, or Hand Delivery at:**

Alto Maipo Ballot Processing
C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Copies of the Plan are also available by submitting an inquiry to the Voting Agent via email at altomaipoballots@primeclerk.com, or by contacting the Voting Agent via telephone at (844) 216-8745 (toll free in the U.S.) or (646) 795-6960 (international).

Dated:  [•], 2022
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Draft*

Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Fax:            (302) 571-1253

Email:          pmorgan@ycst.com
                sgreecher@ycst.com
                afaris@ycst.com
- and -
CLEARY GOTTLIEB STEEN & HAMILTON LLP
Richard J. Cooper (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Jack Massey (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:      (212) 225-2000
Fax:            (212) 225-3999
Email:          rcooper@cgsh.com
                lbarefoot@cgsh.com
                jamassey@cgsh.com


*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**Opt-In Form for Holders of Claims in Non-Voting Classes**

**OPTIONAL: RELEASE OPT-IN FORM**

You are receiving this opt in form (the "Opt-In Form") because you are a Holder of a Claim that is not entitled to vote on the *Joint Chapter 11 Plan of Alto Maipo SpA and Alto Maipo Delaware LLC* (as amended, modified, or supplemented from time to time, the "Plan").  You may choose to opt in to the releases set forth in Section 9.3(c) of the Plan.

**Item 1. Important information regarding the Claim Holder Releases.**

**PLEASE TAKE NOTICE** that you may check the box below to opt in to the release provisions contained in Section 9.3(c) of the Plan and set forth below.

**IF YOU OPT INTO THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW AND SUBMITTING THIS OPT-IN FORM, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, AMONG OTHER THINGS, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.**

---

The Holder of the Claim in the Non-Voting Class identified below elects to:

☐  **OPT IN to the Claim Holder Release set forth in Section 9.3(c) of the Plan**

---

To provide additional information regarding the Claim Holder Release and other significant provisions of the Plan, the following sections of the Plan have been copied immediately below: Section 1.1 (definition of Released Parties), Section 1.1 (definition of Releasing Parties), and Section 9.3(c) (Releases by Holders of Claims and Interests).[10]  To the extent of any discrepancy between the following and the corresponding sections in the Plan, including any modifications or amendments thereto, the sections in the Plan control.  Please carefully review the following:

(a)  Section 1.1. of the Plan defines "Released Parties" as:

"*Released Parties*" **means (a) the Company; (b) the Reorganized Company, and each direct or indirect subsidiary of the Company or Reorganized Company; (c) Norgener Renovables S.p.A.; (d) AES Andes; (e) Strabag, in its capacity as shareholder and subordinated lender; (f) the DIP Agent and, if separate, the DIP Lender; (g) the Administrative Agent and the Collateral Agents (in each case, as defined in the Common Terms Agreement); (h) each Consenting Creditor; (i) each current and former Affiliate of each Entity in clause (a) through (h); and (j) each Related Party of each Entity in clause (a) through (i).  For the avoidance of doubt, no claims or causes of action of either of the Debtors against (x) Constructora Nuevo Maipo S.A., (y) Hochtief Solutions AG, or (z) Cooperativa Muratori & Cementisti – C.M.C. di Ravenna, nor any of the respective Affiliates of each entity listed in clauses (x) through (z), shall be released pursuant to this Plan.**

(b)  Section 1.1 of the Plan defines "Releasing Parties" as:

"*Releasing Parties*" **means (a) Norgener Renovables S.p.A.; (b) AES Andes; (c) Strabag, in its capacity as shareholder and subordinated lender; (d) the DIP Agent and each DIP Lender; (e) the Administrative Agent and the Collateral Agents (in each case as defined in the Common Terms Agreement); (f) each Consenting Creditor; (g) all holders of Claims or Interests that are eligible to vote to accept or reject the Plan that vote to accept for any Class, (h) all Holders of Claims or Interests that are deemed to accept the Plan and who affirmatively opt in to** the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in **to grant the releases provided in the Plan; (i) all holders of Claims or Interests that are eligible**

---

[10] Section IX.D of the Plan sets forth the "Releases by the Debtor," which provides for a release of each Released Party by the Debtor and its Estate.

**to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who affirmatively opt in to the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt in to grant the releases provided in the Plan; (j) each current and former Affiliate of each Entity in clause (a) through (i), and (k) each Related Party of each Entity in clause (a) through (j).**

(c)  Section 9.3(c) of the Plan provides the following Third Party Release in regard to "Releases by Holders of Claims and Interests":

**"Releases by Holders of Claims."  "As of the Effective Date, to the fullest extent permissible under applicable law, each of the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Debtor, reorganized Debtor and each other released party from any and all claims, interests, obligation, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, matured or unmatured, existing or hereinafter arising, in law, at equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the reorganized Debtors, each other releasing party or their estates, that such entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the business operations of the Debtors, actions taken by the Debtors' Board of Directors, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or the reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any released party, the Debtor and any released party, the Debtors' in- or out-of-Court restructuring efforts, intercompany transactions, entry into the  Chapter 11 Cases, the formulation, preparation, dissemination, or negotiation of the Disclosure Statement, the Plan, the Plan Supplement, the DIP Credit Facility documents, the New and A&R Obligations documents, or other documents or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising from any act or omission of a released party that constitutes fraud, willful misconduct or gross negligence; provided that the foregoing release shall not apply to any express contractual or financial obligations or any right or obligation arising under or that is part of the Plan or any agreements (including those set forth in the Plan Supplement) entered into pursuant to, in connection with, or contemplated by the Plan, and any right to enforce the Plan and Confirmation Order is not so released."**

**Item 2.  Certifications**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     as of the Voting Record Date, either:  (i) the Entity is the Holder of a Claim; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of the Claim;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)     the Entity has submitted the same respective election concerning the releases with respect to all Claims; and

(d)     no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claim and Interests, then any such earlier Opt-In Forms are hereby revoked.


Name of Holder: _____

_____ Social Security Number or Federal Tax
Identification Number: _____

_____
Signature: _____

Name of Signatory _____
(If other than a Holder):

Title: _____

Address: _____

_____

_____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS NOTICE OF NON-VOTING STATUS AND OPT-IN FORM AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY BY ONLY ONE OF THE FOLLOWING METHODS:**

**If Submitting Your Opt-In Form through the E-Balloting Portal**

**The Voting Agent will accept Opt-In Forms if properly completed through the eBallot Portal. To submit your Opt-In Form via the eBallot Portal, visit https://cases.primeclerk.com/altomaipo and click on the "E-Ballot" section of the website. Follow the instructions to submit your Opt-In Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-In Form:**

**Unique eBallot ID#: _____**

**Opt-In Forms may also be submitted to the Voting Agent by email at: altomaipoinfo@primeclerk.com.**

**Via First Class Mail, Overnight Courier, or Hand Delivery:**

**Alto Maipo Ballot Processing**
**C/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**Parties that submit their Opt-In Form via E-Ballot or e-mail should NOT also submit a paper Opt-In Form.**