## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Alto Maipo Delaware LLC, *et al.*,[1] | ) ) | Case No. 21-11507 (KBO) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) | |
|  | ) | **Ref. Docket Nos. 349, 351** |

## CERTIFICATION OF COUNSEL REGARDING BRIEFING SCHEDULE
## IN CONNECTION WITH THE ASSUMPTION MOTION AND STAY MOTION

1.     On March 10, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Approving Assumption of Agreement with MLP* [D.I. 349] (the "Assumption Motion") and the *Debtors' Motion for Entry of an Order (I) Enforcing the Automatic Stay (II) Declaring Void Ab Initio Any Purported Termination of the Agreement by MLP, and (III) Granting Related Relief* [D.I. 351] (the "Stay Motion").

2.     On March 17, 2022, Minera Los Pelambres ("MLP") filed its *Limited Objection and Reservation of Rights of Specially-Appearing Minera Los Pelambres to the Debtors' (I) Motion to Assume Power Purchase Agreement and (II) Motion to Enforce the Automatic Stay* [D.I. 378] (the "Objection") to the Assumption Motion and the Stay Motion.

3.     On March 31, 2022, the Court held a hearing (the "Hearing") to consider scheduling related to the Assumption Motion, the Stay Motion, and the Objection.

4.     At the Hearing, the Court approved a briefing schedule for the Debtors and MLP related to the limited issue of whether the Court must consider whether it has personal jurisdiction

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

over MLP in order to grant relief on the Assumption Motion and the Stay Motion, and directed counsel for the Debtors and counsel for MLP to submit a corresponding order under certification of counsel consistent with such briefing schedule.

5.      To date, counsel for the Debtors and counsel for MLP have been unable to agree on a proposed form of scheduling order.  The Debtors' proposed form of order establishing the briefing schedule (the "Debtors' Proposed Order") is attached hereto as **Exhibit A**.  The Debtors believe that the Debtors' Proposed Order is consistent with the Court's directions as limited to scheduling matters, the text of the Court's rulings set forth in the relevant transcripts speak for themselves, and that any concern about memorializing those decisions in further orders can be addressed when the Court addresses the merits of the Assumption Motion and the Stay Motion.

6.      MLP's proposed form of order (the "MLP Proposed Order") is attached hereto as **Exhibit B**.  MLP's position is that the MLP Proposed Order is appropriate to protect and preserve MLP's appeal rights with respect to the Court's rulings at the hearing held on March 24, 2022 and at the Hearing.

7.      For the convenience of the Court and other interested parties, a blackline marking the differences between the Debtors' Proposed Order and the MLP Proposed Order is attached hereto as **Exhibit C**.

8.     The Debtors respectfully request the Court's entry of an order establishing the briefing schedule as the Court deems appropriate.  Both the undersigned counsel and counsel to MLP would be available at the Court's convenience to address any questions the Court may have with respect to this matter.

Dated: April 5, 2022
      Wilmington, Delaware

/s/ *Sean T. Greecher*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
S. Alexander Faris (No. 6278)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email: pmorgan@ycst.com
      sgreecher@ycst.com
      afaris@ycst.com

- and –

Richard J. Cooper (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Jack Massey (admitted *pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone:    (212) 225-2000
Facsimile:    (212) 225-3999
Email: lbarefoot@cgsh.com
      rcooper@cgsh.com
      jamassey@cgsh.com

*Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**(Debtors' Proposed Order)**

29233995.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ALTO MAIPO DELAWARE LLC, *et al.*,[1] | Case No. 21-11507 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 349, 352, 378, 395, 409** |

**SCHEDULING ORDER ON SUPPLEMENTAL BRIEFING REGARDING THE
RELEVANCE OF PERSONAL JURISDICTION OVER MLP TO THE DEBTORS'
(I) MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365
OF THE BANKRUPTCY CODE APPROVING ASSUMPTION OF AGREEMENT
WITH MLP AND (II) THE DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY**

**WHEREAS**, on March 10, 2022, the Debtors filed the *Debtors' Motion for Entry of An Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Approving Assumption of the Agreement with MLP* (D.I. 349) (the "Assumption Motion") and the *Debtors' Motion for Entry of an Order (I) Enforcing the Automatic Stay (I) Declaring Void Ab Initio Any Purported Termination of the Agreement by MLP, and (III) Granting Related Relief* (D.I. 352) (the "Stay Motion," and together with the Assumption Motion, the "Motions");[2]

**WHEREAS**, on March 17, 2022, MLP, specially-appearing through its counsel solely for the purposes identified in the Limited Objection (as defined below), filed its *Limited Objection and Reservation of Rights of Specially-Appearing Minera Los Pelambres to the Debtors' (I) Motion to*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assumption Motion, or, to the extent not defined therein, in the Stay Motion.

*Assume Power Purchase Agreement and (II) Motion to Enforce the Automatic Stay* (D.I. 378) (the

"Limited Objection"); and

Upon the record of the hearings held on March 24, 2022 and March 31, 2022; and after due

deliberation and sufficient cause appearing therefor,

IT IS NOW, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The Court orders the following briefing and hearing schedule:

a.    MLP may file its brief with respect to whether this Court can grant

the relief requested in the Motions without establishing *in personam* jurisdiction over MLP by

April 13, 2022 before 4:00 pm ET.

b.    The Debtors shall file their reply by April 22, 2022 before 12:00 pm

ET.

c.    The Court shall hear argument on the briefing described in

paragraphs 1(a) and 1(b) on April 26, 2022 at 11:00 am ET.

2.    Any party filing a joinder shall do so in accordance with the dates and times

set forth in this Order.

3.    This Court shall retain exclusive jurisdiction with respect to all matters

arising from or related to the implementation or interpretation of this Order.

**<u>Exhibit B</u>**

**(MLP Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ALTO MAIPO DELAWARE LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11507 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 349, 352, 378, 395, 409** |

<u>**SCHEDULING ORDER ON INITIAL BRIEFING REGARDING THE DEBTORS' (I) MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE APPROVING ASSUMPTION OF AGREEMENT WITH MLP AND (II) THE DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY**</u>

**WHEREAS**, on March 10, 2022, the Debtors filed the *Debtors' Motion for Entry of An Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Approving Assumption of the Agreement with MLP* (D.I. 349) (the "<u>Assumption Motion</u>") and the *Debtors' Motion for Entry of an Order (I) Enforcing the Automatic Stay (I) Declaring Void Ab Initio Any Purported Termination of the Agreement by MLP, and (III) Granting Related Relief* (D.I. 352) (the "<u>Stay Motion</u>," and together with the Assumption Motion, the "<u>Motions</u>");[2]

**WHEREAS**, on March 17, 2022, MLP, specially-appearing through its counsel solely for the purposes identified in the Limited Objection (as defined below), filed its *Limited Objection and Reservation of Rights of Specially-Appearing Minera Los Pelambres to the Debtors' (I) Motion to Assume Power Purchase Agreement and (II) Motion to Enforce the Automatic Stay* (D.I. 378) (the

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assumption Motion, or, to the extent not defined therein, in the Stay Motion.

"Limited Objection") in which, among other things, MLP objected that the Motions had not been

served on MLP in compliance with Rule 7004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and that notice of the Motions had not been provided as alleged in the Motions;

**WHEREAS**, on March 21, 2022, the Debtors filed a reply to the Limited Objection (the

"Reply") and on March 23, 2022, MLP filed a surreply in support of the Limited Objection (the

"Surreply");

**WHEREAS**, on March 24, 2022, the Court held a hearing at which it addressed the

objections and arguments raised in the Limited Objection and Surreply (the "March 24 Hearing");

**WHEREAS**, at the March 24 Hearing, the Court made certain findings and rulings with

respect to service and notice of the Motions on MLP and instructed the Debtors and MLP to meet

and confer on a consensual briefing schedule on the Motions;

**WHEREAS,** the parties were unable to agree on a consensual briefing schedule and on

March 31, 2022, the Court held a hearing regarding a briefing schedule (the "March 31 Hearing") at

which the Debtors took the position that the Motions should proceed as contested matters pursuant

to Rule 9014 of the Bankruptcy Rules and MLP took the position that the Motions sought relief only

available by the filing of an adversary proceeding governed by Part VII of the Bankruptcy Rules;

**WHEREAS**, at the March 31 Hearing, the Court instructed the parties to confer regarding

further briefing on the issues; and

Upon consideration of the Motions, the Reply, the Limited Objection and Surreply and the

record of the March 24 Hearing and the record of the March 31 Hearing, and after due deliberation

and sufficient cause appearing therefor,

IT IS NOW, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED that:

2

1.      Consistent with the findings and rulings made, and as set forth, on the record at the March 24 Hearing, the Court overrules the Limited Objection and Surreply with respect to service and notice of the Motions.

2.      Consistent with the findings and rulings made, and as set forth, on the record at the March 31 Hearing, the Court overrules MLP's objections made on the record of the March 31 Hearing and orders the following initial briefing and hearing schedule:

a.      MLP may file its brief with respect to whether this Court can grant the relief requested in the Motions without establishing *in personam* jurisdiction over MLP by April 13, 2022 before 4:00 pm ET.

b.      The Debtors shall file their reply by April 22, 2022 before 12:00 pm ET.

c.      The Court shall hear argument on the briefing described in paragraphs 1(a) and 1(b) on April 26, 2022 at 11:00 am ET.

3.      Any party filing a joinder shall do so in accordance with the dates and times set forth in this Order.

4.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2022


_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**(Blackline)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| *ALTO MAIPO DELAWARE LLC*, *et al.*,[1] | Case No. 21-11507 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 349, 352, 378, 395, 409** |

**SCHEDULING ORDER ON ~~INITIAL~~ SUPPLEMENTAL BRIEFING REGARDING THE**
**~~DEBTORS'~~**
**RELEVANCE OF PERSONAL JURISDICTION OVER MLP TO THE DEBTORS'**
**(I) MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365**
**OF THE BANKRUPTCY CODE APPROVING ASSUMPTION OF AGREEMENT**
**WITH MLP AND (II) THE DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY**

**WHEREAS**, on March 10, 2022, the Debtors filed the *Debtors' Motion for Entry of An Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Approving Assumption of the Agreement with MLP* (D.I. 349) (the "Assumption Motion") and the *Debtors' Motion for Entry of an Order (I) Enforcing the Automatic Stay (I) Declaring Void Ab Initio Any Purported Termination of the Agreement by MLP, and (III) Granting Related Relief* (D.I. 352) (the "Stay Motion," and together with the Assumption Motion, the "Motions");[2]

**WHEREAS**, on March 17, 2022, MLP, specially-appearing through its counsel solely for the purposes identified in the Limited Objection (as defined below), filed its *Limited Objection and Reservation of Rights of Specially-Appearing Minera Los Pelambres to the Debtors' (I) Motion to*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware).  The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Assumption Motion, or, to the extent not defined therein, in the Stay Motion.

*Assume Power Purchase Agreement and (II) Motion to Enforce the Automatic Stay* (D.I. 378) (the

"Limited Objection") ~~in which, among other things, MLP objected that the Motions had not been~~

~~served on MLP in compliance with Rule 7004 of the Federal Rules of Bankruptcy Procedure (the~~

~~"Bankruptcy Rules") and that notice of the Motions had not been provided as alleged in the Motions~~;

and

~~**WHEREAS**, on March 21, 2022, the Debtors filed a reply to the Limited Objection (the~~

~~"Reply") and on March 23, 2022, MLP filed a surreply in support of the Limited Objection (the~~

~~"Surreply");~~

~~**WHEREAS**, on March 24, 2022, the Court held a hearing at which it addressed the~~

~~objections and arguments raised in the Limited Objection and Surreply (the "March 24 Hearing");~~

~~**WHEREAS**, at the March 24 Hearing, the Court made certain findings and rulings with~~

~~respect to service and notice of the Motions on MLP and instructed the Debtors and MLP to meet~~

~~and confer on a consensual briefing schedule on the Motions;~~

~~**WHEREAS,** the parties were unable to agree on a consensual briefing schedule and on~~

~~March 31, 2022, the Court held a hearing regarding a briefing schedule (the "March 31 Hearing") at~~

~~which the Debtors took the position that the Motions should proceed as contested matters pursuant~~

~~to Rule 9014 of the Bankruptcy Rules and MLP took the position that the Motions sought relief only~~

~~available by the filing of an adversary proceeding governed by Part VII of the Bankruptcy Rules;~~

~~**WHEREAS**, at the March 31 Hearing, the Court instructed the parties to confer regarding~~

~~further briefing on the issues; and~~

2

Upon ~~consideration of the Motions, the Reply, the Limited Objection and Surreply and~~ the record of the <u>hearings held on</u> March 24 ~~Hearing, 2022~~ and ~~the record of the~~ March 31 ~~Hearing,~~ <u>2022;</u> and after due deliberation and sufficient cause appearing therefor,

IT IS NOW, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    <u>The Court orders the following briefing and hearing schedule:</u>

~~1. Consistent with the findings and rulings made, and as set forth, on the record at the March 24 Hearing, the Court overrules the Limited Objection and Surreply with respect to service and notice of the Motions.~~

~~2. Consistent with the findings and rulings made, and as set forth, on the record at the March 31 Hearing, the Court overrules MLP's objections made on the record of the March 31 Hearing and orders the following initial briefing and hearing schedule:~~

a.    MLP may file its brief with respect to whether this Court can grant the relief requested in the Motions without establishing *in personam* jurisdiction over MLP by April 13, 2022 before 4:00 pm ET.

b.    The Debtors shall file their reply by April 22, 2022 before 12:00 pm ET.

c.    The Court shall hear argument on the briefing described in paragraphs 1(a) and 1(b) on April 26, 2022 at 11:00 am ET.

2.    ~~3.~~ Any party filing a joinder shall do so in accordance with the dates and times set forth in this Order.

3.    ~~4.~~ This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE