IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALTO MAIPO DELAWARE LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11507 (KBO)<br><br>(Jointly Administered)<br><br>RE: D.I. 487 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE APPROVING ASSUMPTION OF AGREEMENT WITH MANZANO**

The Official Committee of Unsecured Creditors (the "Committee") of Alto Maipo SpA ("Alto Maipo") and Alto Maipo Delaware LLC ("Alto Maipo Delaware"), debtors and debtors in possession (together, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel of record, respectfully submit this response (the "Response") to the *Debtors' Motion for Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Approving Assumption of Agreement with Manzano* filed on April 12, 2022 [Docket No. 487] (the "Motion"), the Committee respectfully represents as follows:[2]

## BACKGROUND

1.   The Committee takes no position regarding Alti Maipo's proposed assumption of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: Alto Maipo SpA (761-2) (Chile) and Alto Maipo Delaware LLC (1916) (Delaware). The location of the corporate headquarters and the service address for Alto Maipo SpA is Los Conquistadores 1730, Piso 10, Santiago, Chile.

[2] Although Manzano is a member of the Committee, the Committee is not filing this pleading on Manzano's behalf or at its request. The Response is predicated on the Committee's view of the operative law and facts and its view that all unsecured creditors should receive proper and fair treatment. The Committee's standing to be heard is not subject to any legitimate dispute. *See In re Zenith Elecs. Corp.*, 241 B.R. 92, 98–99 (Bankr. D. Del. 1999) (finding that an equity committee "as an official committee in this case, does have standing to appear and be heard on any issue in the case. 11 U.S.C. § 1109(b). Thus, we conclude that it has standing to object to the Disclosure Statement.").

the Agreement,[3] however, contract assumption should not be used as a trojan horse to resolve a larger dispute between Alto Maipo and Manzano.  Instead, Manzano's claim against Alto Maipo as well as the claims of other similarly situated creditors against the Debtors should pass-through confirmation of the Debtors' proposed the *Joint Chapter 11 Plan of Reorganization of Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 313] (as subsequently amended, the "Plan") and be decided by Chilean courts.

## BACKGROUND

2. Alto Maipo is a special purpose company, incorporated under Chilean law for the purpose of developing, constructing, and operating a run-of-river hydroelectric energy project in the Santiago Metropolitan Region of Chile, approximately 30 miles southeast of the city of Santiago.  The hydroelectric energy project (the "Project") that is presently under construction will consist of two run-of-river hydroelectric plants which, once completed, will provide significant zero-emissions energy to Chile's electric grid.

3. On November 16, 2021, Alto Maipo formed Alto Maipo Delaware.

4. On November 17, 2021 (the "Petition Date"), each of the Debtors commenced their Chapter 11 Cases by filing petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Motion.

5. On the Petition Date, the Debtors also filed the *Motion to Authorize Alto Maipo SpA to Act as Foreign Representative of the Debtors* [Docket No. 11] (the "Motion to Seek Foreign Recognition").  On November 18, 2021, the Court entered an Order granting the Motion to Seek Foreign Recognition [Docket No. 55], which explicitly authorized Alto Maipo to act as a foreign representative and to seek recognition of the Chapter 11 Cases with a foreign court in order to effectuate the Debtors' restructuring.  However, the Debtors did not immediately seek recognition or commence a parallel proceeding in Chile upon entry of the order nor has it sought such recognition since.  In fact, at the February 16, 2022 hearing, Debtors' counsel indicated that the Debtors had altered their proposed course on foreign recognition since the Petition Date.  Specifically, Debtors' counsel stated that "the debtors have not sought and do not currently intend to seek recognition in Chile." (Excerpts of the Transcript of February 16, 2022, Hearing are attached as Exhibit A to Docket No. 430, pp. 25:23 – 26:7).

6. On December 20, 2022, the Debtors filed their *Schedules of Assets and Liabilities* [Docket Nos. 173 and 175] (as amended, the "Schedules").  As disclosed in the Schedules, the majority of the Debtors' assets and creditors are located in Chile.

7. On January 31, 2022, the Office of the United States Trustee (the "United States Trustee") appointed the Committee.  *See* D.I. 231.  The three members of the Committee are:  (i) Compañía Industrial El Volcán S.A.; (ii) Comunidad de Aguas Canal El Manzano; and (iii) Parque Arenas SpA.  That evening, the Committee selected the undersigned attorneys as its counsel.  The Committee and its proposed counsel immediately began its investigation into the acts, conduct, assets and liabilities and financial condition of the Debtors pursuant to 11 U.S.C. § 1103(c)(2).

8. On February 28, 2022, the Debtors filed the Plan, which they have subsequently amended.  On March 1, 2022, the Debtors filed the *Disclosure Statement for the Joint Chapter 11*

3

*Plan of Reorganization of Alto Maipo SpA and Alto Maipo Delaware LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 314] (as amended, the "Disclosure Statement"). Amended versions thereof were subsequently filed with the most current version appearing at Docket No. 465.

9.  The Plan and Disclosure Statement are predicated on a certain restructuring support agreement (as amended, the "RSA"), which was first agreed to by and among the Debtors, certain creditors and equity holders prior to the Petition Date. The RSA was subsequently amended with the most current version appearing, together with the amendments thereto, at Docket No. 436, Exhibit E.

10. On March 29, 2022, the Committee filed an objection to the then current draft of the disclosure statement [Docket No. 430] (the "Committee DS Objection").

11. Prior to the April 5, 2022 scheduled hearing on the Debtors' motion to approve the Disclosure Statement, the Debtors, with support from parties to the current form of RSA, proposed modification to it, as reflected in the current versions of the Plan and Disclosure Statement.

12. Significantly for the Committee, the Debtors changed the RSA, Plan and Disclosure Statement (collectively, the "Plan Documents") to reverse the proposed treatment concerning general unsecured creditors with allowed claims. That is, previously, the Debtors proposed that general unsecured creditors would be impaired and would receive no recovery. In changing course, the Debtors proposed to treat creditors as unimpaired with the right to receive 100% recovery on allowed claims. The Debtors' alteration was contained in pleadings filed and confirmed at the hearing on the RSA and Disclosure Statement on April 6, 2022.[4]

---

[4] Immediately prior to the hearing, separate counsel filed a Rule 2019 statement stating it represented an *ad hoc* committee of tort claimant, which included Manzano. *See* Docket No. 456. It is unclear whether that Committee also represents Manzano in its individual capacity.

13. In formulating the proposed unimpairment, the Debtors proposed that certain unsecured claims would be allowed, while others would ride through (with the Debtors' right to litigate claims allowance in Chile), while for other creditors, particularly environmental tort claimants, the Debtors reserved the right to seek estimation or to file objections in this Court.

14. With the revised Plan structure resolving its pending objection to the Disclosure Statement, the Committee, whose members include trade and tort claimants, did not object to entry of an order approving the Disclosure Statement at the hearing thereon. However, as expressly noted on the record, the Committee reserved the right to object to the Plan.

15. On April 12, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Enforcing the Automatic Stay Against Manzano, and (II) Granting Related Relief* [Docket No. 485] (the "Stay Enforcement Motion"). The Stay Enforcement Motion itself is predicated on an action filed by Manzano in March 2022 in Chile against the Debtors seeking injunctive relief, which the Debtors claim was denied by the Chilean Court on March 29, 2022. The Committee is filing a separate response to the Stay Enforcement Motion. Contemporaneously with the Stay Enforcement Motion, the Debtors also filed the Motion.

16. Further, on April 13, the Debtors filed a *First Omnibus Objection to Claims* [Docket No. 490] which challenged all environmental claims (including Manzano's) on the merits and a *Second Omnibus Objection to Claims* [Docket No. 491] (together with the *First Omnibus Objection to Claims*, the "Claim Objections") to alleged duplicate claims (including Manzano's). The Committee reserves the right to file a response to the Claim Objections.

**RESPONSE**

17. Section 365 of the Bankruptcy Code permits a debtor, with court approval, to assume an executory contract. 11 U.S.C. § 365. "If a debtor wishes to assume an executory

5

contract, section 365(b)(1)(A) requires it to cure, or provide adequate assurance that it will promptly cure, among other things, the monetary defaults thereunder." *In re Dura Automotive Systems, LLC et al.*, 628 B.R. 750, 754 (Bankr. D. Del. 2021). "Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure require any request to assume, reject, or assign an executory contract, other than as part of a plan, to be made by motion, with reasonable notice and opportunity for a hearing afforded to the non-debtor contract counterparty." *Id.*

18.     Whether to assume or reject executory contracts is a matter within the "business judgment" of the debtor. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984). "At heart, a motion to assume should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 2003) (citing *In re Docktor Pet Ctr., Inc.*, 144 B.R. 14, 16 (Bankr. D. Mass. 1992) ("[A] motion to assume an executory contract is generally, and should be, a summary proceeding. It is not the place for an extended breach of contract suit.")).

19.     As applied here, the Committee does not take a position with respect to the assumption of the Agreement. However, the Debtors' and Manzano's extensive dispute set forth in the Motion, the Stay Enforcement Motion and the Claims Objections should not be decided in the context of a "summary proceeding" under section 365 of the Bankruptcy Code." *In re Orion Pictures Corp.*, 4 F.3d at 1098-99. Indeed, Alto Maipo and Manzano are both Chilean entities, their dispute is premised upon Chilean law and a lengthy factual background which entirely transpired in Chile prior to the commencement of these Chapter 11 Cases. Claims such as these should not be decided in conjunction with assumption and assignment under section 365 of the

Bankruptcy Code, but should instead ride through under the terms of the Debtors' Plan as confirmed by this Court.

20. To the extent that the Debtor seeks to assume the Agreement, so be it, but a substantive trial on what the parties' obligations are under the Agreement and the amount of Manzano's cure claim can be adjudicated separately. The Debtors have implicitly recognized this by filing the Claims Objections which seek to address the amount of Manzano's claims, which as the Committee understands it, were partially incurred under the terms of the Agreement. Although the Committee does not represent Manzano and has not been directed by Manzano to file this Response, the Committee believes that it is its responsibility as a fiduciary for all unsecured creditors – including contract and tort creditors – to advocate for procedures that have the existence and amount of claims adjudicated in the best forum.

21. To be clear, the Committee believes that the Debtors should have the ability to assume valuable contracts. The Committee continues to support the *Debtors' Motion for Entry of an Order Approving Assumption of Agreement with MLP* [Docket No. 350] and *Debtors' Motion for Entry of an Order (I) Enforcing the Automatic Stay, (II) Declaring Void Ab Initio Any Purported Termination of the Agreement by MLP, and (III) Granting Related Relief* [Docket No. 352] (collectively these motions are the "MLP Motions"). By the MLP Motions the Debtors are properly seeking to assume a valuable pre-Petition Date contract which the counterparty seeks to terminate seemingly because of a prohibited *ipso facto* provision. Despite MLP's assertion of complicated jurisdictional issues, the underlying issue regarding contract assumption is straightforward and appropriate to be determined by this Court. By contrast, the facts and law presented by the Manzano Agreement rely on a complicated fact pattern and Chilean law, and

though the Court might allow the Debtors to assume the Agreement the Court should defer a trial on the "cure" of the Agreement and the claims which arise thereunder.

WHEREFORE, the Committee requests that the Court (i) limit any relief any ruling on the Motion to avoid a trial regarding Alto Maipo's and Manzano's rights under the Agreement, and (ii) granting such other and further relief to the Committee as the Court may deem just and proper.

Dated: April 19, 2022
      Wilmington, Delaware

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

/s/ Kevin M. Capuzzi
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Fax:      (302) 442-7012
Email:   jhoover@beneschlaw.com
          kcapuzzi@beneschlaw.com
          jgentile@beneschlaw.com

- and -

Sam J. Alberts
David F. Cook (DE No. 6352)
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 408-7004
Fax:      (202) 496-7756
Email:   sam.alberts@dentons.com
          david.f.cook@dentons.com

- and -

Lynn P. Harrison III
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY  10020
Telephone: (212) 768-6700
Fax:           (212) 768-6800
Email:      lynn.harrisoniii@dentons.com

- and -

James R. Irving
**DENTONS BINGHAM GREENEBAUM LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky  40202
Telephone: (502) 587-3606
Fax:           (502) 540-2215
Email:      james.irving@dentons.com

- and -

Carlos Urzúa
Gonzalo Varela
**DENTONS LARRAÍN RENCORT SpA**
Av. Apoquindo 3885
Piso 18
Las Condes
Santiago, Chile
Telephone: +56.2.2411.9200
Email:      carlos.urzua@dentons.com
                gonzalo.varela@dentons.com

*Counsel for Official Committee of Unsecured Creditors*